## JIM NORTON V. THE STATE.

No. 9452.  Delivered November 11, 1925.

**1.—Selling Intoxicating Liquor—Continuance—No Diligence Shown.**

Where a motion for a continuance is presented on account of the absence of a witness for whom no process was asked nor issued because, as appellant averred, the witness promised him to be present and testify, the statutory requirement as to diligence is not met, and the continuance was properly overruled. Following Boxley v. State, 273 S. W. 589 and other cases cited.

**2.—Same—Evidence—Whiskey Sold—Properly Admitted.**

Where, on a trial for selling intoxicating liquor, the State was permitted to introduce a bottle of whiskey, being the same bottle of whiskey sold by the appellant, and containing a label on which certain memoranda was written as to the identity of the whiskey, the date of his arrest and the name of the officer who made the arrest, all of such memoranda having been properly identified, no error is shown.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

*Blain & Jones,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the District Court of Jefferson County for the offense of unlawfully selling intoxicating liquor and his punishment assessed at one year in the penitentiary.

There are only two bills of exceptions presented in the record for our consideration. The first bill complains of the action of the court in refusing to continue the case, and the second bill complains of the action of the court in permitting the State to introduce in evidence the whiskey sold by the appellant to the prosecuting witness with labels thereon showing the name of the appellant, the date of the seizure, the amount of whiskey seized, the name of the arresting officer, the name of the prosecuting witnesses, because same were ex parte declarations made by some unknown person not under oath and were calculated to prejudice the jury against the defendant.

Said bill of exception No. 1 complaining of the action of the court in refusing to continue the case, does not state sufficient facts from which this court can determine whether the trial court erred in overruling said motion seeking to obtain the testimony of one Clemens by whom it is alleged that they expected to prove that the whiskey in question was bought by the prosecuting witness from another party and not from the appellant. The said bill shows, however, that no subpoena was ever had upon him. That it is contended that on account of his being sick and could not attend court, and promised the defendant that he would do so, relieved the appellant of that diligence required relative to obtaining a subpoena and having same served. This court has repeatedly held that such a showing is not sufficient to authorize the trial court to continue the case under such circumstances. Boxley v. State, 273 S. W. 589; Ellington v. State, 63 Tex. Cr. Rep. 426; Cole v. State, 70 Tex. Cr. Rep. 459.

Bill of exception No. 2, complaining of the introduction of said bottle of whiskey with the indorsements thereon, we think shows no error in the action of the trial court as complained of in said bill, and especially in view of the fact that the record discloses that the State's witnesses fully testified to all the matters contained on the label of said whiskey, and there could

have been no possible injury done under such circumstances to the appellant in this case.

After a careful examination of the entire record, we are of the opinion that there is no error shown, and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.