RED ASHCRAFT V. THE STATE.

· No. 9772.   Delivered February 3, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Held Inadmissible—On Plea for Suspended Sentence.**

Where, on a trial for transportation of intoxicating liquor, appellant had filed a plea for a suspended sentence, this did not warrant the testimony on his cross-examination that he had been married and divorced from his wife. We have held such testimony incompetent in other cases.

**2.—Same—Continued.**

Nor was the testimony admitted that appellant had been arrested for drunkenness and gaming a number of times, properly admissible. Arrest or conviction for such offenses does not involve moral turpitude, nor does the fact that a plea for a suspended sentence has been filed render such testimony competent. Following Perryman v. State, 262 S. W. 744 and other cases cited.

Appeal from the District Court of Lubbock County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Bishop & Barnes* of Lubbock, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Lubbock County of transporting intoxicating liquor, with punishment fixed at three years in the penitentiary, appeal is taken. ·

There are four bills of exception. By one complaint is presented of the fact that on his cross-examination as a witness appellant was asked and required to answer, over objection, that he had been married and divorced from his wife. No reference to this matter had been made during the trial, nor has there any issue before the court to which same was pertinent. The bill is qualified by the statement that the testimony was allowed because the accused had filed his application for suspended sentence. When this is the case, the state is allowed in

any legitimate way to show the bad character of the accused, but we know of no case which holds that this may be established by proof of the fact that the accused had been married and divorced. We have held such question incompetent in other cases. The testimony was erroneously admitted.

Another bill of exceptions complains of the fact that while appellant was testifying as a witness the state was permitted to prove by him, and he was compelled to answer over objection, that he had been arrested for drunkenness and for gaming, a number of times. The same qualification is attached to this bill as to the one above referred to. In many cases we have held such testimony incompetent. Arrest or conviction for such offense does not impute moral turpitude. Perryman v. State, 262 S. W. Rep. 744; Johnson v. State, 91 Tex. Crim. Rep. 582; Garrison v. State, 94 Tex. Crim. Rep. 541; Johnson v. State, 241 S. W. Rep. 484; Fountain v. State, 241 S. W. Rep. 487.

The direct testimony for the state seems very plain and positive, and it is to be regretted that matters of this kind necessitate the reversal of cases.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*