## Roy Inness v. The State.

### No. 10309.   Delivered December 8, 1926.

**1.—Transporting Intoxicating Liquor — Evidence — Labels on Bottles — Properly Admitted.**

Where, on a trial for transporting intoxicating liquor, the bottles in which the liquor was contained having labels on them, after the positive identification as the same found in appellant's possession, there was no error in permitting the state to introduce in evidence the labels found on said bottles. Following Norton v. State, 277 S. W. 141.

**2.—Same—Impeaching Witness—Held Improper.**

Where a witness had testified in behalf of appellant, it was error to permit the state on cross-examination of said witness, to ask him if he had not been drunk and arrested for drunkenness recently. It is well settled by this court that a witness cannot be impeached by showing that he has been arrested for drunkenness, that offense not involving moral turpitude.

**3.—Same—Charge of Court — On Circumstantial Evidence — Erroneously Omitted.**

Where there was no direct evidence that appellant transported the intoxicating liquor in question, that fact being deducible from other facts established, the court should have charged the jury on the law of circumstantial evidence.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Sanders & Sanders* of Center, for appellant. On impeaching witness, by proving his arrest for drunkenness, appellant cites:

Ashcraft v. State, 280 S. W. 209.
Perryman v. State, 97 Tex. Crim. Rep. 495.
Johnson v. State, 91 Tex. Crim. Rep. 582.
Garrison v. State, 94 Tex. Crim. Rep. 541.
Fountain v. State, 90 Tex. Crim. Rep. 471.
Powell v. State, 131 S. W. 590.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, Judge.—The appellant was convicted in the District Court of Shelby County for the offense of transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

He filed his motion for a new trial which was overruled and he in due time gave notice of appeal and the case is now properly before this court for review.

The facts briefly stated are that on or about January 3, 1926, he was first seen by the witness Zack Booth, a deputy sheriff, on the sidewalk talking to a negro; the next time the witness saw the defendant he was going up a stairway that led up to an office back of a certain bank. The facts further disclose that the witness Booth just had time enough to run over there from the Sheriff's office and followed the appellant up the stairs where he found him in a room with a negro; there he searched the appellant's person and found four bottles of jamaica ginger or "jake." The witness stated that he afterwards found two more bottles on a table in the room where he had searched the appellant. The appellant was standing by the table. This is all the evidence disclosed by the statement of facts shedding any light upon the transportation of said "jake" or jamaica ginger.

Appellant by his bill of exceptions No. 3 challenges the right of the state to introduce in evidence labels upon the bottles, found in his possession, showing the contents. We think this shows no error in the action of the trial court as complained of in said bill and especially in view of the fact that the record discloses that the state's witness fully testified to all the matters contained in the labels and in view of the fact that the bottles as introduced in evidence were in the same condition with the labels on them as they were when taken off of the appellant. There could have been no possible injury done under such circumstances to the appellant in this case. Norton v. State, 277 S. W. 141.

Appellant by his bill of exceptions No. 6 complains that while the witness Sam Davis, a witness for the defendant, was on the witness stand, the prosecuting attorney on cross examination asked the witness the following question: "I will ask you, Mr. Davis, if you have not been drunk and arrested for drunkenness here in town recently?" to which the witness answered over the objection of appellant as follows: "Yes, that he had been drunk and arrested for drunkenness." This court has held many times that the arrest or conviction for drunkenness does not impute moral turpitude, therefore, the learned trial judge was in error in permitting the prosecuting attorney on cross-examination to prove that the witness had been arrested and convicted for drunkenness. See Ashcraft v. State, 280 S. W. 209, and authorities therein cited.

In view of another trial of this case we desire to call the court's attention to the fact that he should have charged the jury on circumstantial evidence, as pointed out by appellant both in his exceptions and objections to the court's charge and in his bill of exceptions No. 7. The facts show that the first time the deputy sheriff saw the defendant he was in front of the bank, he then left his office and rushed over there and the second time he saw the defendant he was upstairs with the negro, standing by the table, at which time he searched the defendant and found on him four bottles of "jake" or jamaica ginger, and two more sitting on the table. The statement of facts in this case fails to show, except by circumstances, as just detailed above that the defendant transported the said "jake" or jamaica ginger.

For the errors above pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.