Dan Heath v. The State.

No. 15094.    Delivered June 8, 1932.
Reported in 50 S. W. (2d) 1101.

The opinion states the case.

*Ramey & Fanning,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, five years in the penitentiary.

The charge of the court was excepted to for its failure to submit the law of circumstantial evidence as applicable to the facts in this case. We think the learned trial judge in error is not so charging the jury.

According to the testimony of the sheriff, he was watching the premises of one Gurley and had sent other officers after a search warrant, a most commendable course, and one which if followed by other officers would lessen the labors of this court in passing on the legality vel non of searches without warrants. While so watching the sheriff saw appellant drive up to Gurley's. When the other officers returned with the search warrant the group went to Gurley's house. In the house they seem to have found a number of gallons of whisky. In appellant's car was found a half gallon of whisky. Appellant disclaimed any knowledge of the whisky being in the car at the time. He denied emphatically that there was any whisky in the car when he came to Gurley's house, but asserted that he came to said house for the purpose of getting a half gallon of whisky, which Gurley had promised appellant's father-in-law, some days before, he would procure for said father-in-law, whose name was Anderson. Appellant said that if the whisky was put in the car after he reached Gurley's place, it was put there by Gurley without his, appellant's, knowledge. The state's theory seemed to be that the whisky was in appellant's car at the time it was driven to Gurley's.

The sheriff testified that he watched the premises while the other officers were gone after the search warrant and saw no one go to appellant's

car. He also testified that he saw no one go to the truck of a man named Wright, which was also at Gurley's. The undisputed testimony showed that a gallon of whisky was found in Wright's truck by the officers at the time of the search. Wright testified that this whisky was put in his truck after appellant drove up to Gurley's. Wright swore that he, appellant and Gurley were together at the time he, Wright, carried the whisky from Gurley's house and put it in said truck. Touching the question as to whether anybody could have put the whisky in appellant's car while same was parked at Gurley's, Mr. Reneau, the sheriff, testified that if anyone put the whisky in appellant's car while it was at Gurley's, he did not see it.

It would seem clear that if the whisky was put in appellant's car by Gurley while it was parked at Gurley's house, a fact which was denied both by Gurley and appellant, this would hardly be sufficient to support a conviction for transportation. The proposition that the whisky was in appellant's car at the time he drove up to Gurley's house was one of deduction purely, and the court should have submitted the case to the jury upon the law of circumstantial evidence. No witness testified to seeing the liquor before the car was driven up to the place, and the testimony strongly suggests to the minds of this court that it was put in the car by Gurley after it reached his place. At the time of this trial Gurley was serving a term in the penitentiary for the sale of whisky to Wright, and his possession of said whisky on the occasion mentioned in the testimony of the witness in this case. The testimony of Gurley, and statements made by him upon cross-examination, appear to us to rather cogently support the proposition that the whisky in the car was whisky which Gurley had procured for the father-in-law of this appellant.

Anderson, appellant's father-in-law, testified that on Thursday before the Saturday of this raid Gurley had told him he was going to get some whisky and would save him a half gallon. Gurley admitted that he was at appellant's house on the morning of the day of the raid and told appellant that he had some whisky, and that appellant told him he was coming over to the house later to get a half gallon which Gurley had agreed to buy for Mr. Anderson. Appellant testified that his going to Gurley's on the occasion in question was for the purpose of getting the half gallon of whisky mentioned; that he took with him $2 given him by Mr. Anderson with which to pay for said whisky. We might incidentally remark that Gurley testified that three or four days before the day of the raid, he had gone to the home of appellant and gotten appellant's car and used it in hauling some whisky.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*