### JESUS S. ORTIZ V. STATE

No. 27,134. November 3, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 8, 1954

*Eugene A. Blair*, Lubbock, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the transportation of beer in a dry area; the punishment, a fine of $300.00.

Inspector Smith of the Texas Liquor Control Board testified that he and Supervisor Black were patrolling a certain area in

the city of Lubbock on the morning in question when they observed the appellant pass, going in the opposite direction and that he immediately turned his automobile around and gave chase. Smith stated that the appellant pulled in between some apartments, jumped out of his automobile, and entered one of them; that he pulled up behind the appellant's automobile and, as he walked past, he could see some beer therein; that he and Black went to the door and arrested the appellant. Smith testified that he brought the appellant and the three cases of beer found in his automobile to town.

Supervisor Black corroborated the testimony of Smith and added that the appellant and his automobile were never out of his sight from the time they first gave chase until he saw the appellant run into the house and observed the beer in his automobile.

Appellant did not testify in his own behalf but offered Willie Relerford and his wife, who both testified that the appellant had been at their house approximately fifteen minutes when the officers arrived.

Appellant seeks a reversal upon the failure of the court to charge on circumstantial evidence. He relies upon two authorities. In Inness v. State, 105 Texas Cr. Rep. 401, 288 S.W. 1084, the officer first saw the accused on the street and then next saw him upstairs standing by a table on which he found two bottles of Jamaica ginger and four on the person of the accused. There we held that the evidence was only circumstantial that the accused had transported the ginger found on his person.

In Heath v. State, 121 Texas Cr. Rep. 185, 50 S.W. 2d 1101, the facts are somewhat similar to those before us here except that in that case there was affirmative testimony that whiskey had been carried out of the house and placed in Wright's truck, which was adjacent to appellant's automobile, together with proof that Gurley was serving a term in the penitentiary for having sold whisky on the occasion charged in the indictment against the appellant. These facts, we think, distinguish that case from the case at bar.

We conclude that the facts before us do not call for a charge on circumstantial evidence.

Finding no reversible error, the judgment of the trial court is affirmed.