## Jack Garrison v. The State.

### No. 7723.   Decided June 6, 1923.

**1.—Selling Intoxicating Liquor—Evidence—Moral Turpitude—Other Transactions.**

Where, upon trial of selling intoxicating liquor, while the defendant was testifying in his own behalf he was asked by State counsel whether it was not a fact that about a year ago defendant was drunk and in the calaboose, etc., all of which was not pertinent to any injury in the case, and to which the defendant objected, the same is reversible error.

**2.—Same—Impeaching Witness—Rule Stated.**

This court has often held that impeaching a material witness on an immaterial matter, is reversible error.   Following Boatwright v. State, 42 Texas Crim. Rep., 442, and other cases.

Appeal from the District Court of Shelby.   Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Shelby County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are a number of complaints of matters of procedure in the record, in none of which do we think error appears except the matter hereinafter mentioned.

By his bill of exceptions No. 9 appellant presents the fact that while on the witness stand testifying in his own behalf he was asked by State's counsel the following questions:

"Isn't it a fact, that about a year ago you were drunk and in the calaboose, and that Dick Whitson, the city marshal, turned you out and told your boy to carry you home?   *   *   *   And isn't it a fact that about a year ago you were drunk and in the calaboose?"

These questions were objected to because they were pertinent to no issue in the case and were incompetent for the purpose of affecting the credibility of defendant as a witness by reason of the fact they related to no felony charge or offense involving moral turpitude; that it was an effort on the part of the State to impeach the accused on an immaterial matter by proving extraneous offenses which were

not felonies and did not involve moral turpitude. Appellant was compelled to answer the questions asked him over his objection as above stated. There was no issue of suspended sentence in the case. The matter inquired about was not in any sense res gestae of the transaction involved in the charge against appellant. The bill of exceptions is approved by the learned trial judge with the qualification that appellant had testified that he was at home at the time inquired about and said question was permitted for the purpose of showing that he was at a different place than the one claimed by him. The date of the sale of intoxicating liquor charged against the appellant herein was alleged to be January 16, 1922. Appellant's trial took place in October 1922. We do not quite understand the qualification of the learned judge above referred to. If the State had asked appellant if he was at home a year prior to the trial on a certain date and he had testified that he was, and thereafter the State had under taken to prove that he was drunk and in the calaboose on said date, for the purpose of showing that appellant had testified falsely, this would not have been permitted because the matter would have come within the rule forbidding impeachment on an immaterial matter. Many authorities upon this proposition are cited by Mr. Branch in Sec. 165 of his Annotated P. C. In Sec. 169 of the same work many authorities are cited supporting the proposition that neither the defendant nor any other witness can be legally impeached by proof that he was arrested for or charged with or convicted of a misdemeanor that does not involve moral turpitude. In Powell v. State, 60 Texas Crim. Rep. 201, this court said that drunkenness is a public place was not an offense involving moral turpitude. This court has often held that impeaching a material witness on an immaterial matter is reversible error, believing that to show the jury that one has testified falsely regarding an immaterial matter is likely to cause them to believe that he did falsely testify, in regard to material matters. Boatright v. State, 42 Texas Crim. Rep. 442; Golin v. State, 37 Texas Crim. Rep. 102; Jenkins v. State, 45 Texas Crim. Rep. 173.

For the error in the admission of the above testimony the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*