HARRISON PERRYMAN v. THE STATE.

No. 8489.    Decided June 4, 1924.

**Selling Intoxicating Liquor—Evidence—Moral Turpitude.**

Where, upon trial of selling intoxicating liquor, appellant filed an application for suspended sentence and introduced proof that he was under twenty-five years of age, and the State was allowed over objection of the defendant to prove his conviction of misdemeanors not involving moral turpitude. and that such proof was restricted by the charge of the court to its bearing on the issue of suspended sentence, the same is reversible error. Following: Alexander v. State, 255 S. W. Rep., 408, and other cases.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Adams & Moore,* for appellant.—Cited cases in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nacogdoches County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

By two bills of exception is presented the fact that over objection the State proved the appellant's conviction of misdemeanors not involving moral turpitude, and that such proof was restricted by the charge of the court to its bearing on the issue of suspended sentence. Appellant had filed an application for such suspended sentence and introduced proof that he was under twenty-five years of age. We have held that proof of indictment or conviction for offenses, neither felonies nor involving moral turpitude, is not competent either for purposes of impeachment or as affecting the issue of suspended sentence. In the admission of such testimony, and in the instruction to the jury that they might consider same as affecting the issue of suspended sentence, the learned trial judge fell into error. Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W. Rep., 484; Garrison v. State, 94 Texas Crim. Rep., 541, 252 S. W. Rep., 511; Alexander v. State, 95 Texas Crim. Rep., 497, 255 S. W. Rep., 408.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*