# MAY 15, 1946

HARRY BURTON V. THE STATE.

No. 23347. Delivered May 15, 1946.

The opinion states the case.

*J. V. Patterson,* of Decatur, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the county court of Wise County of the misdemeanor offense of driving a car while intoxicated, and by the jury fined the sum of $50.00, and he appeals.

The testimony of the sheriff and his deputy shows that about dark on August 10, 1945, they were traveling on highway 24, in Wise County, Texas, and observed an automobile parked on the roadside. They stopped their car and turned around and the parked car immediately began to move away at a high rate of speed. They pursued this car for about three and one-half

miles at a speed of 60 or 70 miles per hour and overtook it. Appellant was driving the car, and both officers testified he was so drunk that he could not stand or walk; that they carried him to their car, and took him out of the car at the jail; that he plead guilty to drunkenness the next morning.

Appellant denied his drunken condition, and said he had taken only one drink from the whisky bottle found in the car; that he was sober, and corroborated this testimony with that of others.

There are three bills of exceptions brought forward in the record, bill No. 1 complaining of the trial court's failure to grant a motion for a continuance of this cause. On account of the disposal of the case, we need not be concerned further with such bill.

Bill No. 2 reflects the following: While appellant was on the witness stand in his own behalf he was asked by the State's attorney if he had not, in January, 1945, in this same county court, been convicted of driving a car while intoxicated, and, over the objection of his attorney, he was caused to answer that he had been thus convicted. The first conviction for drunken driving is a misdemeanor, and therefore not a felony and not admissible in order to affect one's credibility, if it does go. It has also been held that the admission of extraneous offenses not involving moral turpitude are confined to felonies only. Branch's P. C., Sec. 169, p. 102. True it is that a second offense for drunken driving could be made the basis of a felonious prosecution, but the instant prosecution pleads only one offense, and makes no mention of a previous conviction, thus falling within the category of a misdemeanor. See Art. 802-b, Vernon's Ann. P. C. for the first offense, a subsequent offense being a felony, if properly pleaded. As a misdemeanor drunken driving is not an offense involving moral turpitude, the admission of appellant's previous conviction therefor was not admissible. It is shown by the bill of exceptions that the trial court was of the opinion that such prior conviction was admitted as an extraneous offense because it was thought same showed system. We think such previous conviction failed to show system, but rather might have shown habit, but as such did not come within the exceptions allowing such proof.

Bill of exceptions No. 3 complains because the State was allowed to ask appellant while he was on the witness stand the

following question: "Haven't you been convicted of drunk driving in other counties adjoining Wise County?" It is true the witness answered "I don't remember," but in line with our holding as to bill No. 2 this question should not have been propounded to appellant.

On account of the error shown in bill No. 2, this judgment is reversed and the cause remanded.