PAT PAULOS V. STATE.

No. 25,725. March 12, 1952.
Rehearing Denied May 21, 1952.

Hon. Phil Peden, Judge Presiding.

*Jack W. Knight,* Houston, for appellant.

*Sam W. Davis,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of misdemeanor theft with two prior convictions. His punishment was assessed at confinement in the county jail for a term of eight years.

This appeal was perfected after the effective date of Article 759a, C.C.P., Section 4, which reads as follows:

"The defendant shall file said Statement of Facts, in duplicate, with the clerk of the trial court within ninety (90) days after the date of giving notice of appeal."

Notice of appeal in this cause was given on October 23, 1951, which was after the effective date of said Article 759a, supra, which was passed at the Regular Session of the 52nd Legislature in 1951.

We are furnished with a certificate from the clerk of the County Court at Law No. 3 in Harris County which shows that no duplicate statement of facts was filed in the above entitled and numbered cause as provided by Section 4 of Art. 759a, C.C.P., supra.

There are no bills of exception in the record which can be considered, there being no index shown in the statement of facts herein and no separate bills of exception appearing in the transcript in this cause.

There being nothing presented for our consideration, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The original opinion affirmed this case on the ground that no duplicate statement of facts was filed in the trial court and that no question was raised for our consideration. Upon a more careful consideration of appellant's brief and argument we have decided that, under the facts here, we should consider the statement of facts and the contention that the evidence was insufficient to sustain a conviction.

Appellant was charged with theft by complaint and information which alleged two former convictions for like offenses. The proof was submitted and the penalty was, by the jury verdict, enhanced to the limit provided by law.

The state's evidence is to the effect that appellant came to a service station while the lone operator was engaged with another customer. The appellant said he wanted a headlight fixed He then went into the station to the telephone. Three other persons who were riding with him gathered about him at the telephone for a short while and then the party re-entered the car. Appellant said that he would return later to have the light fixed. The operator became suspicious of their conduct and, upon checking, found three boxes of spark plugs were missing. He next saw the spark plugs the following morning at the city jail and identified them as exhibits in the trial.

The arresting officer testified that the spark plugs were found on the floor in the back of the car when he arrested appellant for being under the influence of and in possession of barbiturates. There is a discrepancy in the time which apparently fixes this arrest before the time that they entered the filling station. The pertinent fact is the possession of the stolen articles which alone, unexplained, supports the conviction. The time element as expressed in the opinion of the parties is immaterial.

The evidence shows that the two former convictions were for theft. One was a procedure originating in a lower court, of which the county court had appellate jurisdiction. The contention is that it is not a "like offense" to the one in the instant case where the county court had original jurisdiction. No au-

thority has been submitted to support that contention and it will not be sustained. The county court had appellate jurisdiction of the former conviction and, therefore, had jurisdiction to enter the judgment which was entered in that court. This disposes of the questions presented on appeal and the only one to which we are required to give consideration.

The state has filed a motion in this case to strike the statement of facts and submitted with it a certificate from the clerk of the county court showing that when the statement of facts was approved and filed the appellant failed to file a duplicate copy with the clerk of the court, as provided by Article 759a, Sec. 4, Vernon's Ann. C.C.P.

Reliance is had on Garza v. State, 156 Tex. Cr. R. 557, 244 S.W. 2d 817 and Driggs v. State, 156 Texas Cr. R. 597, 245 S.W. 2d 244. We do not think that the authorities cited by the state sustain the proposition that we are without jurisdiction to consider the statement of facts in the instant case.

The duplicate copy of statement of facts could have no value or force for any purpose in this court. We are not in any way affected in the consideration of this case by reason of the failure to file the duplicate statement of facts in the court below. The strongest construction which the writer is able to give is that the prosecuting attorney has a right to have a record of the statement of facts preserved in the office for any future procedure if he so desires. In practice it would appear to be his duty to preserve this evidence. He is the representative of the state, however, and if he agrees to a statement of facts without the duplicate he has simply waived this right.

There is a reason for most laws, and there should be a reason for every law passed by our legislature. In many cases where the statement of facts had not been preserved in the court below future procedure has been made difficult and sometimes impossible for the state because such statement of facts was not available. The records of this court cannot be withdrawn and made available to the lower court in the subsequent trial of cases involving the same party or parties. The legislature can well be credited with having such in mind and made the provision for the benefit of the court below. It certainly added nothing to and in no way affected the consideration of appellant's case in this court and we can conceive of no instance in which it would.

On rehearing we have considered the statement of facts, together with other questions raised in the motion for rehearing, and find no reversible error. The motion for rehearing is overruled.

MORRISON, Judge (concurring).

I concur in the disposition of the case at bar. I cannot bring myself to agree that all the statements made by my esteemed brother Beauchamp were necessary for a proper adjudication of the question presented.

My view is that the opinion should have simply set forth the following portion of the new act of the legislature, to-wit:

"If the Statement of Facts is agreed to by the defendant or his counsel, and the attorney representing the state, it need not be approved by the court." Subsec. E. of Sec. 1, Article 759a, Vernon's Ann. C.C.P.

"The defendant shall file said Statement of Facts, in duplicate, with the clerk of the trial court within ninety (90) days after the date of giving notice of appeal." Sec. 4, Article 759a, Vernon's Ann. C. C. P."

I think we should have held that the above, when construed together, required that there should be a copy thereof for filing with the clerk of the court where the case was tried, as well as a copy for transmission to this court, and that it became the duty of the attorney representing the state to see that a duplicate copy was prepared before approving the same, but that a failure to perform such duty can not deprive this court of jurisdiction.