ROSS EARL MAULDIN v. STATE

No. 29,323. December 18, 1957.

*Irwin* and *Irwin* and *T. K. Irwin* and *T. K. Irwin, Jr.,* and

*George W. Irwin* and *R. T. Scales,* Dallas, attorneys for appellant on appeal only.

*Henry Wade,* Criminal District Attorney, *Thomas Thorpe, A. D. Bowie, Frank Watts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 99 years.

In view of our disposition of the case, a recitation of the facts is unnecessary other than to observe that the evidence was undisputed that the appellant killed the deceased by shooting him with a gun; the homicide occurring at a cafe in the city of Dallas.

It was the state's theory, which was supported by the testimony of its witnesses, that the appellant intentionally shot the deceased without any justification or excuse.

The defense offered by appellant was that of self-defense and accident.

As a witness in his own behalf appellant admitted shooting the deceased on the occasion in question but testified that in so doing he was defending himself; that the gun "went off" when he struck the deceased and that he did not intend to kill him. He further testified in support of his application for suspension of sentence that he had never been convicted of a felony in this or any other state.

Upon cross-examination, in answer to questions propounded by state's counsel, appellant testified he had never carried a knife.

Thereuon the state was permitted to interrogate the appellant relative to his having had previous trouble over carrying a knife and he was asked, and admitted, that he had once "gotten in trouble over carrying a knife" and was "filed on for aggravated assault with a knife." He was also asked, but denied, that he had pulled a knife on one Marvin Booker and cut him three times or that he did "a little carving" on one Curtis Harris.

Appellant objected to such line of interrogation and moved

for mistrial. He also objected to that portion of the court's charge limiting the jury's consideration of the evidence to the purpose for which it was admitted.

In permitting such interrogation and admitting such evidence, the court was in error.

Art. 732a, Vernon's A.C.C.P., expressly prohibits the state from using, for the purpose of impeachment, accusations which have not resulted in a final conviction. Dempsey v. State, 159 Texas Cr. Rep. 602, 266 S.W. 2d 875. A conviction which may be used for the purpose of impeachment under Art. 732a, supra, must be for a felony offense or one involving moral turpitude. Neill v. State, 158 Texas Cr. Rep. 551, 258 S.W. 2d 328.

The rule is well settled that the filing of an application for suspension of sentence does not authorize the state to prove specific acts of misconduct against the accused. Scarber v. State, 156 Texas Cr. Rep. 542, 244 S.W. 2d 207, and Rodriguez v. State, 160 Texas Cr. Rep. 453, 272 S.W. 2d 366.

The fact that appellant, on his cross-examination by state's counsel, testified that he had never carried a knife did not authorize his impeachment on the matter. The evidence shows that he killed the deceased by shooting him with a gun. His carrying a knife was not shown to have any connection with the deceased. Whether he had carried a knife was immaterial to any issue in the case. Recently in Driehs v. State, 164 Texas Cr. Rep. 455, 301 S.W. 2d 123, we held it reversible error to permit impeachment of any accused upon an immaterial matter.

The conclusion herein reached is not in conflict with the cases of Lampkin v. State, 47 Texas Cr. Rep. 625, 85 S.W. 803; Eloms v. State, 159 Texas Cr. Rep. 471, 264 S.W. 2d 275, and Orozco v. State, 164 Texas Cr. Rep. 630, 301 S.W. 2d 634, where the matter inquired about, and upon which impeachment was permitted, was injected by the defense and was upon a material issue in the case.

The court charged upon the law of accident and instructed the jury, in substance, that if they believed from the evidence, or had a reasonable doubt thereof, that the shooting of the deceased was accidental and not intentional upon the part of the appellant, then they would find him not guilty.

Appellant objected to the instruction and presented a re-

quested charge which would, in substance, have instructed the jury that if they believed from the evidence that the shooting was accidental and not intentional upon the part of the appellant but that the appellant "was attempting to use his gun as a club, in self-defense, at a time when he felt that deceased * * * * was bent on doing him bodily harm, and in so attempting to use said gun as a club, it was discharged and thereby killed the deceased" then they would find appellant not guilty.

The court's refusal to give appellant's requested charge would not alone constitute reversible error under the provisions of Art. 666, V.A.C.C.P., in view of the court's instruction to the jury to acquit the appellant if they believed that the shooting was accidental and not intentional on his part, and to acquit appellant if he was acting in self-defense when he killed the deceased. However, upon another trial under similiar testimony a charge such as requested by him should be given affirmatively submitting his theory that the pistol was discharged accidentally while being used as a club in self-defense with no intent to kill.

Upon another trial the court should not permit Dr. Rainone to testify relative to the oozing of brain tissue from the bullet wounds in the deceased's head during the time he was treating him unless it becomes a disputed issue.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.