## ROY ISACE HUNTER V. STATE.

No. 30,626. April 22, 1959.
Motion for Rehearing Overruled May 27, 1959.

WOODLEY, Judge, dissented.

*Reynold M. Gardner,* Amarillo, for appellant.

*John L. Scott, Jr.,* County Attorney, Vega, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $350.

A motion to dismiss the appeal has been filed in this court by the county attorney who prosecuted the case because a copy of the statement of facts has not been filed with the clerk of the trial court as required by law. The failure to file the statement of facts in duplicate as required by Art. 759a, Sec. 4, V.A.C.C.P., does not divest this court of jurisdiction of the appeal. Paulos v. State, 157 Texas Cr. Rep. 341, 248 S.W. 2d 928. The motion is therefore overruled.

It was undisputed that on the date alleged the appellant drove his automobile upon a public highway in Oldham County, and the only conflict in the evidence was on the issue of his intoxication.

The highway patrolman who stopped and arrested the appellant, after describing his manner of driving and his actions and appearance, testified that in his opinion the appellant was on such occasion under the influence of intoxicating liquor. Another officer who observed appellant after his arrest testified that in his opinion appellant was under the influence of intoxicating liquor.

Appellant, as a witness in his own behalf, testified on direct examination that on the day in question he had been rabbit hunting with his brother and another companion who were riding in the automobile with him; that he only had one drink of whisky that day; that there was nothing wrong with him and that he at all times had the automobile under control.

On cross examination by state's counsel, appellant was asked "Did you ever have any trouble with drinking," to which he replied "No, sir," whereupon counsel for appellant objected to the inquiry on the ground that it was going into a matter of an offense not involving moral turpitude and that it had not been shown that appellant had been tried and convicted of such an offense. Upon the objection being overruled, appellant was required by the court to again answer the question, to which he replied *"I have been arrested two or three times."*

In overruling appellant's objection to the question and requiring him to give his answer thereto the court fell into error.

It was not shown that appellant had been convicted of any offense.

A witness may not be impeached by proof of mere accusations against him or evidence of particular acts of misconduct. See 1 Branch's Ann., P.C., 2nd Ed., Sec. 190, page 209, and cases there cited.

Under the provision of Art. 732a, V.A.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction. Tomlinson v. State, 163 Texas Cr. Rep. 44, 269 S.W. 2d 267. Furthermore, the convictions must be for a felony offense or one involving moral turpitude. Neill v. State, 158 Texas Cr. Rep. 551, 258 S.W. 2d 328, and Mauldin v. State, 165 Texas Cr. Rep. 405, 308 S.W. 2d 36.

Drunkenness is not an offense involving moral turpitude. Powell v. State, 60 Texas Cr. Rep. 201, 131 S.W. 590, and Garrison v. State, 94 Texas Cr. Rep. 541, 252 S.W. 511. Also, drunken driving is not an offense involving moral turpitude. Burton v. State,, 149 Texas Cr. Rep. 327, 194 S.W. 2d 398.

The question propounded did not relate to a felony offense or one involving moral turpitude and appellant's objection thereto should have been sustained.

We are unable to agree with the state that the question propounded was within the legitimate scope of cross examination because the appellant testified on direct examination that he never drank while hunting with a rifle or that the answer was not responsive to the question and appellant should have therefore moved to strike the testimony.

The fine assessed against appellant being in excess of the minimum prescribed by law, we cannot say that the testimony given by appellant over his objection relative to his previous arrests was not harmful to him.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge, (dissenting).

There are these additional facts which are not set out in the majority opinion:

The arresting officer testified that the automobile driven by appellant was traveling east in the borrow ditch when he met it and turned around to see "why he was driving in the borrow ditch."

As he followed it the car "would go from the borrow ditch back to the highway and across the center line and then go back to the borrow ditch, and was wobbling down the road."

When he began questioning appellant the officer smelled liquor and asked appellant what he had been drinking, and he replied " 'I drank some beer and liquor over at Glen Rio, Texas, on the New Mexico side * * * over at the bar' and he said he had been over there rabbit hunting."

There were three whisky bottles in the car which appellant was driving, one was empty and one partly empty. A third bottle, according to the state's witness, was empty.

Appellant's brother was a passenger in the car. He testified that the third bottle was full and that the three bottles belonged to Nelson, the third occupant of the car; one he had when the three left Amarillo, one he purchased at San Jon and the unopened bottle he purchased at the bar in Glen Rio.

Appellant and his brother testified that appellant took only one drink all day, and that was a drink of whisky at the bar in Glen Rio.

Asked by his counsel how much liquor his brother drank in his presence that day, appellant answered "None," and volunteered the following: "Me and him both had 22 rifles and was hunting and that is something I never done in my life, take a drink of whisky when I was out hunting with a rifle."

On cross-examination appellant, having stated his age and place of residence, was asked: "Q. Did you ever have any trouble with drinking?" To which he answered "No, sir."

The following quotation from the statement of facts shows the proceedings which followed:

"MR. GARDNER: Now just wait a minute. Your honor, if he wants to ask this witness any questions on any offense that involves moral turpitude, that is all right. If he is going into something that does not involve moral turpitude it is not ad-

missible and if you want to get the jury excused until we thrash that out, that is what I am asking you to do, but if he wants and is going to insist on asking him something about some little misdemeanor, that is not admissible to be brought up against him and we will object to it.

"THE COURT: Overrule the objection.

"MR. SCOTT: Let the record show that the defense counsel has brought out these matters. My question was if he had any trouble with his drinking.

"MR. GARDNER: That is not the question before this jury. The question before this jury is whether he was intoxicated on the day and time in question, and what occurred the day before or the week before or the year before is not in issue, and that is not an offense that involves moral turpitude, and we have no right to even make this discussion of it before the jury. He has no right to bring it up before the jury, and we object and except to it.

"MR. SCOTT: Let the record show that I am not going into any prior convictions unless they do involve a felony or misdemeanor involving moral turpitude.

"MR. GARDNER: Well certainly, whether a man drank or whether he hadn't drunk does not involve moral turpitude and there is no misdemeanor that involves moral turpitude.

"There just isn't any misdemeanor that involves moral turpitude, and we object to the question.

"THE COURT: I will overrule the objection.

"MR. GARDNER: Note our exception. (8)

"Q.   (By Mr. Scott) Answer the question, please, Mr. Hunter. A.   Will you ask the question again?

"REPORTER: Did you ever have any trouble with drinking?

"MR. GARDNER: Now again, I want to renew my objection on that.

"MR. SCOTT: Let me rephrase the question, so the witness understands it. I am not going into any * * *

"MR. GARDNER: Your Honor, may I make a further objection. Whether a person has trouble or not, that is not admissible before the jury in any event. They have got to prove that he has been accused, tried and convicted on some offense involving moral turpitude.

"THE COURT: Overrule the objection.

"MR. GARDNER: Note our exception. (9)

"MR. SCOTT: Will the Court instruct the witness to answer the question.

"THE COURT: Go ahead and answer the question.

"A.   I have been arrested two or three times.

"Q.   I am not going into the question of whether or not you have been arrested. That is not responsive to my question. I said, have you ever had trouble with your drinking? A.   No, I haven't."

As I read the foregoing record, the fact that appellant had been arrested two or three times (for what is not disclosed) was not elicited by the question but was volunteered.

The majority opinion declares the law to be that a defendant in a prosecution for driving while intoxicated may not be asked on cross-examination whether he "ever had any trouble with drinking," the theory being that such question would require the defendant in response to testify to arrests, charges and convictions for misdemeanor offenses not involving moral turpitude.

This holding I believe to be clearly wrong. One may have ever so much "trouble with drinking" without being arrested or charged with crime. Also, drunkenness alone is not an offense.

The harm the majority finds is the "testimony by appellant over his objection," in answering the question held to be improper, "I have been arrested two or three times."

There was no further mention of the appellant's two or three arrests, and at no time was the court requested to withdraw or instruct the jury to disregard appellant's testimony to that effect.

I respectfully dissent.