**Charlie Bradford GIBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37360.**

Court of Criminal Appeals of Texas.

Dec. 2, 1964.

Rehearing Denied Jan. 13, 1965.

No attorney of record on appeal.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Howard Weinberger, Louis Francis and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 90 days in jail and a fine of $100.00.

 Officers John W. Thames and Winnon A. Smith of the Dallas Police Department observed a pickup truck being driven at a high rate of speed upon a public highway in Dallas County, Texas, at approximately 10:25 p. m. The speed limit on the public highway was 50 miles per hour. After a chase of about 12 to 14 blocks the officers caught up with appellant at a red light, where his vehicle was stopped. Both officers expressed the opinion that appellant was drunk. They based such opinion on the facts that he smelled of intoxicants, that he staggered, talked with a thick tongue, that his eyes were watery and glassy and that his complexion was flushed.

Testifying in his own behalf, appellant denied that he was intoxicated. Appellant called his wife and his daughter who testified that he was sober earlier in the day and sounded sober over the telephone when calling from the jail after his arrest.

The jury resolved the issue against appellant, and we find the evidence sufficient to sustain the conviction.

Appellant filed no brief in this case, but Bill of Exception #1 contained in the record recites that the trial court erred in sustaining the State's motion to instruct appellant's attorney not to inquire of one of the officers testifying in this case "as to events surrounding his termination of employment with the Dallas Police Department due to a charge of driving while intoxicated." The bill recites that an examination of said witness was material and pertinent to his testimony as an expert on intoxication.

We find no error in the court's granting such motion. Under the provisions of Article 732a, Vernon's Ann.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction. Though not controlling, it is noted that the bill reflects that appellant made no effort to prove that the officer had actually been convicted of such offense. Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. Furthermore, the conviction must be for a

felony offense or one involving moral turpitude. Neill v. State, 158 Tex.Cr.R. 551, 258 S.W.2d 328 and Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36.

██ Drunkenness is not an offense involving moral turpitude. Powell v. State, 60 Tex.Cr.R. 201, 131 S.W. 590, and Garrison v. State, 94 Tex.Cr.R. 541, 252 S.W. 511. Also drunken driving is not an offense involving moral turpitude. Burton v. State, 149 Tex.Cr.R. 327, 194 S.W.2d 398.

Finding no reversible error, the judgment is affirmed.