**Clifford Elmo STEPHENS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40380.**

Court of Criminal Appeals of Texas.

May 24, 1967.

Amended on Denial of Rehearing
July 26, 1967.

Reynold M. Gardner, Amarillo, for appellant.

Naomi Harney, County Atty., Bill R. Sherbert, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from a conviction for Receiving and Concealing Stolen Property under the value of $50.00 and over the value of $5.00. Without objection, the case was tried under the alternate procedure provided by Article 37.07, Section 2, Vernon's Ann.C.C.P. After a finding of guilty by a jury, the punishment was assessed by the Court at confinement in jail for five (5) days and a $500.00 fine.

Trial commenced on November 30, 1966.

A recitation of the facts is deemed unnecessary for the proper disposition of the case.

One of the grounds of error urged by appellant is that the trial court erred in permitting the introduction of appellant's application for probation at the hearing on guilt or innocence.

Testifying at the hearing on the issue of guilt or innocence, appellant was asked on cross-examination if he had ever been convicted of any offense. Upon objection to the question, the jury was removed. It was the State's contention that in view of appellant's testimony on direct examination that he had never been called upon to testify as a defendant in any case, and because on cross-examination he denied having ever been a defendant, or having been charged with anything he was subject to impeachment regardless of the nature of the conviction, and that the question was proper. In absence of the jury, it was established that appellant had previously been convicted of driving while intoxicated a number of years before without the aid of counsel when he pled guilty without going to court. At such time, the court announced it would permit impeachment of the appellant on his sworn application for misdemeanor probation filed pursuant to Article 42.13, V.A.C.C.P. Thereupon, the appellant pointed out to the trial court that he was withdrawing his probation application, that he had not offered any proof as to such application, and that it was not the proper time for him to do so.

Nevertheless, in the presence of the jury, the State was permitted to introduce into evidence the application for probation and to elicit from appellant that in 1951, some fifteen years prior to the instant trial, that appellant had been convicted of driving while intoxicated and driving while license suspended. Such action was over the continued objections of the appellant that the convictions involved were not for felonies or misdemeanors involving moral turpitude, were too remote to be used for impeachment, and permitted impeachment upon matters not before the jury at the time. Subsequently, the court instructed the jury to disregard for all purposes the testimony as to the conviction for driving while license suspended.

Following appellant's motion for mistrial, which was denied, the court stated to the jury:

"You shall not consider such previous convictions for any other purpose, whatsoever, not even on an impeachment matter. It is too remote. It shouldn't have been admissible in the first instance and, in the next instance, it is not an offense involving moral turpitude, for which he could have been impeached and it is admitted only for the limited purpose stated, and that is affecting the credibility of the witness insofar as the application for misdemeanor probation is concerned."

■ Under the provisions of Article 38.29, V.A.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction. Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17; Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. Furthermore the final conviction must be for a felony offense or one involving moral turpi-

tude;[1] Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36, and even then, it must not be too remote. If, however, the witness makes blanket statements concerning his exemplary conduct, such as has never been charged or convicted of any offense, then the State may refute such testimony, despite the nature of the conviction used or its remoteness. Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 and cases cited therein.

 The filing of an application for misdemeanor probation does not change the rules stated above nor does it authorize the State to prove specific acts of misconduct against the accused particularly on the hearing on the issue of guilt or innocence. If the State's contention be correct that the earlier testimony of appellant had "opened the door" to his impeachment regardless of the nature of any prior conviction or its remoteness, then the State was entitled to refute such earlier testimony, but it did not authorize the trial court to admit into evidence the probationary application under the theory of impeachment at the hearing on guilt or innocence. The sworn application for probation that appellant had never been convicted of a felony or a misdemeanor punishable by imprisonment in jail or by a fine exceeding $200.00 was consistent, not inconsistent, with his earlier testimony, and related to an issue not then before the jury. Recently, this Court in Smith v. State, Tex.Cr.App., 414 S.W.2d 659, held that a defendant may not, over objection, offer proof in connection with his application for probation that he had never before been convicted at the trial on the issue of guilt or innocence alone where the proceedings are being conducted pursuant to Article 37.07, V.A.C.C.P. Such evidence, of course, would be clearly admissible subsequently at the separate hearing on punishment, if a guilty verdict has been returned.

Therefore, the issue of probation was not and should not have been before the jury at the trial on guilt or innocence alone. Furthermore, the appellant had offered no proof as to his application and had withdrawn his application for probation prior to his impeachment before the jury. After such withdrawal, no further testimony on the subject should have been allowed. See Holland v. State, 79 Tex.Cr.R. 529, 187 S.W. 944; Harmon v. State, 119 Tex.Cr.R. 426, 45 S.W.2d 583.

We conclude therefore that under the given circumstances of this case, the learned trial judge fell into error when he permitted the State to impeach the appellant on his application for probation, an issue not before the jury at the trial on guilt or innocence alone. See Driehs v. State, 164 Tex.Cr.R. 455, 301 S.W.2d 123.

For the reasons pointed out, the judgment is reversed and remanded.

1. Driving while intoxicated and driving while license suspended are not offenses involving moral turpitude. Burton v. State, 149 Tex.Cr.App. 327, 194 S.W.2d 398. See 62 Tex.Jur.2d, Sec. 271, p. 246; Art. 6701d, Sec. 151 V.A.C.S.