Henritta Franks **LONGS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41259.

Court of Criminal Appeals of Texas.

May 15, 1968.

Rehearing Denied July 10, 1968.

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, five years.

Appellant's first ground of error is the action of the court in overruling his motion not to further prosecute the cause. The record reflects that at a prior trial under this indictment the jury was unable to agree upon a verdict and after 22 hours and 55 minutes of deliberation and with appellant's consent in person, they were dis-

charged. Jeopardy has not been shown. Article 37.07, Sec. 2(d), Vernon's Ann.C.C.P.

■ Her second ground of error is that her counsel was unduly limited in his examination of the panel. A portion of the examination of only one member of the panel has been brought forward. McCullough v. State, Tex.Cr.App., 425 S.W.2d 359, is authority for the rule that the entire voir dire examination must be before this Court in order to enable us to learn whether or not error has been shown.

■ Her third ground of error is that the court erred in permitting the testimony of the officer who first arrived upon the scene, saw the body of deceased, asked appellant, "who shot him" and received the reply that she "did". He stated that in answer to the question "where was the pistol", appellant went into the bedroom and handed the pistol to him. The first question itself shows that the inquiry had not focused on appellant, and appellant elicited the same testimony while cross examining the officer, and appellant, while testifying in her own behalf admitted shooting the deceased. No error is reflected. See cases collated in 5 Tex.Juris.2d, Appeal and Error—Criminal Cases, Sec. 446, Note 17, and Article 38.22, Sec. (a) 3, V.A.C.C.P.

■ Her fourth ground is that an officer was permitted to testify that he was familiar with appellant's general reputation as to being a peaceful law abiding citizen and that her reputation was bad in the area and among the people with whom she associated, even though he was unable to name any person who lived in appellant's neighborhood to whom he had talked about such reputation. Appellant admitted that she plead guilty to a charge of theft in 1963, and was an admitted prostitute. We perceive no error in the admission of the officer's testimony.

■ Appellant's last grounds of error are that the evidence is insufficient to support the conviction because appellant testified that she had been beaten by deceased and that she shot him to keep him from robbing her. While it is true that Dr. Perry testified that he examined appellant two days after the shooting and found that she was suffering from multiple bruises, the jury was within its province to conclude that such injuries were inflicted in some manner other than at deceased's hands. Moser, deceased's companion at the time of the occasion, testified that deceased did not inflict any injuries upon appellant.

Finding no reversible error, the judgment is affirmed.