**David Ramirez MUNOZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41731.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Mark F. Howell, El Paso, for appellant.

Barton Boling, Dist. Atty., Edward S. Marquez, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is breaking and entering an automobile; the punishment, assessed by the court, one year.

We shall discuss appellant's grounds of error #1 and #2 in the order of their occurrence at the trial.

■ During the trial a motion for mistrial was orally made based on the absence of a witness, Alberto Salis, who had been subpoenaed and sworn in, but left the courthouse after the trial began. The court, instead of acting on the motion, asked appellant if he wanted an attachment for the witness, to which appellant affirmatively replied. Appellant failed to get a ruling on his motion. Hence no ruling of the court is presented for review. See cases collated at 13 Tex.Dig., Crim.Law ☞1045. The procedure available to appellant, if applicable, is provided by Art. 29.13, Vernon's Ann. C.C.P., "Continuance after trial is begun."

■ After ordering an attachment, the court called a recess. At the conclusion of the recess, the witness had not been found. Appellant's counsel, in the absence of the jury, offered himself as a witness to testify as to what the missing witness would testify to if he were present. The State objected on the ground that such testimony would be hearsay, which objection was by the court sustained. The court then permitted appellant's counsel to take the stand and perfect his bill.

The salient portion of his testimony is as follows:

"* * * This morning I talked to a man who was served with a subpoena designated Alberto Salis and the man told

me that he was Alberto Salis. He told me that he was present at the time on March 4 or 3rd—March 3 when the automobile was broken into, and that he himself, did not do it, but that he knew who did it, and that David Munoz was not the one who broke into it.

"He further told me that the person who had broken in, whose name he didn't give me, gave the clothes to him. That is, Alberto Salis, the man with whom I was speaking."

Appellant's first ground of error is that such testimony was admissible as a declaration of a third person admitting the guilt of the crime with which appellant was charged. In Cameron v. State, Tex.Cr.App., 217 S.W.2d 23, we said:

"The rule controlling appears to be that the declarations of a third party admitting his guilt of the crime for which the accused is upon trial are admissible when the State is relying solely upon circumstantial evidence, when the guilt of such party is inconsistent with the guilt of the accused, and when the facts show that such party was so situated that he might have committed the crime."

See also 24 Tex.Jur.2d, Evidence, Sec. 568.

The alleged declaration of the missing witness, Salis, does not come within the rule announced in Cameron because such witness' declaration did not admit his guilt of the crime with which appellant was charged. Thus the court did not err in excluding the proffered testimony of appellant's counsel.

As his third ground of error appellant complains of the trial court's failure to grant a motion in limine requesting that the State be prohibited from mentioning appellant's prior conviction for possession of marijuana to impeach him. It is his contention that such offense is not one of moral turpitude which is available for impeachment purposes.

Art. 38.29, V.A.C.C.P., provides for the introduction of evidence of final convictions as a means of impeaching witnesses. This Court has long held that such final convictions, to be admissible to impeach a witness, must be for a felony offense or one involving moral turpitude. Stephens v. State, Tex.Cr.App., 417 S.W.2d 286; Gibbs v. State, Tex.Cr.App., 385 S.W.2d 258; Wardrope v. State, 170 Tex.Cr.R. 305, 340 S.W.2d 498; and Mauldin v. State, 165 Tex. Cr.R. 405, 308 S.W.2d 36. Having been previously convicted of a felony offense (as is shown in the record), the motion was properly denied.

Finding no reversible error, the judgment of the trial court is affirmed.