**Donald Paul HOOVER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42272.**

Court of Criminal Appeals of Texas.

Nov. 26, 1969.

Rehearing Denied Jan. 28, 1970.

**62**

Aultman & Riley, by Ronald Aultman, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roland Hill and Truman Power, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for murder; the penalty, twenty-five years.

The record reflects that Donald Paul Hoover, the appellant, and Virginia Lynn Martin, the deceased, were living together and that appellant shot and killed her. His defense was that he accidentally shot the deceased when he fired a pistol to awaken her.

The sufficiency of the evidence is challenged.

Officers of the Fort Worth Police Department in response to a call that there had been a shooting went to the garage apartment where the appellant and the deceased lived. Shortly after the officers arrived appellant told them that he shot the deceased. Appellant testified that he had been living with the deceased for some nine months; that on the night of the homicide he went to her place of employment to bring her home but she had already left; he then drove by June's Lounge and the Silver Dime but could not find her. He went back to the apartment and went to bed. Later the deceased came in and read for a while in another room. He called for her to come to bed, but she had gone to sleep. To awaken her he shot a .22 caliber pistol toward the ceiling, and just as he started to shoot she raised up, and he tried but could not let up on the trigger. She got up and told appellant that he had accidentally shot her. He called the operator for an ambulance, and the operator had him call the police station.

Appellant further testified that he and the deceased often shot .22 caliber pistols in the apartment and did this on occasion to get the other's attention. Two witnesses called by appellant testified that they inspected the apartment after the homicide and there were many holes in the walls which appeared to be bullet holes.

A neighbor who lived in the apartment below testified that he heard something fall to the floor and was awakened by the noise at some time past midnight, and then he heard a lady say, "Paul, you shot me" or "Paul, why have you shot me?" He went back to sleep and later saw a girl being taken out on a stretcher. He did not recall hearing a shot that night and had not heard gunshots in the apartment before.

Officer Bowers testified that after examining the deceased on the floor of the apartment he concluded that it would have been useless to administer artificial respiration.

Dr. Feliks Gwozdz, a pathologist, testified that death was caused from massive internal hemorrhage due to a gunshot wound of the left chest and mid sternum.

The evidence is sufficient to support the conviction.

■ In the first and second grounds of error it is contended that reversible error was committed when the trial court permitted Officers Myers and Bowers to testify what appellant said to them after they entered the apartment. He relies upon Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311, and other cases which hold that during custodial interrogation an accused must be warned of his constitutional rights to have counsel and to remain silent before a confession is made.

The testimony of the officers was that after they knocked on the door, appellant told them to come in. Officer Bowers asked him what happened and appellant stated: "I heard her coming in and shot her." At this time Officer Myers had seen Virginia Lynn Martin on the floor but did not know she had been shot.

In Miranda the Court stated:

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. * * * Such investigation may include inquiry of persons not under restraint. General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement. In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present."

In the present case there is no showing that appellant was in custody or under restraint. The officers were in the fact-finding process. An investigation such as conducted in this case is not affected by the holdings of Miranda and Orozco, because the defendants in both of these cases were in custody during the interrogation.

See Bell v. State, Tex.Cr.App., 442 S.W.2d 716, and Longs v. State, Tex.Cr.App., 429 S.W.2d 157. Grounds of error one and two are overruled.

■ In his third ground of error appellant contends that reversible error was committed when the court permitted Patricia Joan Walker to testify about prejudicial extraneous transactions. The witness testified that sometime before the date in question she had visited the deceased in the apartment and that the telephone had been jerked out of the wall. An objection to this was sustained and the jury was instructed not to consider it. Later she testified that appellant got angry and pulled the telephone out of the wall.

If error was committed it was rendered harmless when appellant testified that he had pulled the telephone wire loose to prevent calls from people who would not tell what they wanted. In 5 Tex.Jur.2d, Sec. 446, p. 704, the correct rule is found and is as follows:

"Generally, the admission of improper evidence will not constitute reversible error, if the same facts were proved by other and proper testimony, as where defendant voluntarily gives testimony substantially the same as that improperly admitted over objection. * * *"

See McFarlane v. State, 160 Tex.Cr.R. 340, 269 S.W.2d 389, and Texas Digest, Criminal Law, ☞1137(5).

■ Complaint is made that the witness Walker was permitted to testify that when she was visiting at the apartment sometime prior to the homicide she wanted the deceased to go with her to the Riverbottom to drink beer; that appellant overheard the conversation and hit her (Patricia Walker) with his fists.

The applicable rule is set out in 4 Branch's Ann.P.C.2d Sec. 2206, p. 563: "A

previous difficulty between the defendant and a third person is admissible if it involved the deceased."

In the present case the difficulty or transaction involved the deceased and appellant; the evidence was admissible.[1]

■ The last contention concerning extraneous offenses was that the witness, Patricia Walker, was permitted to testify that she had previously seen the deceased when the deceased had been beaten to where she could barely see. The trial court sustained an objection to this testimony and instructed the jury not to consider it. Appellant did not ask for a mistrial. The trial court ruled favorably to appellant and no further ruling was asked. In the absence of a motion for mistrial appellant is in no position to complain. Birdsong v. State, Tex.Cr.App., 387 S.W.2d 404; Matlock v. State, Tex.Cr.App., 373 S.W.2d 237; Baker v. State, Tex.Cr.App., 368 S.W.2d 627.

Appellant's third ground of error is overruled.

■ In the fourth ground of error complaint is made that the trial court would not permit appellant to impeach the witness Patricia Joan Walker to show that she had been drunk and fighting. The court stated that the bill of exception could be developed later. No further request to develop the bill appears in the record. There is no showing that appellant made an offer of proof, under the provisions of Article 40.09, Sec. 6(d), V.A.C.C.P., to apprise the court of what the excluded evidence would show. In the absence of a subsequent request to present the excluded evidence or an offer of proof nothing is presented for review. See Brown v. State, Tex.Cr.App., 438 S.W.2d 926.

■ If the impeachment evidence sought to be introduced was that the witness had been drunk or had been convicted for misdemeanor offenses not involving moral turpitude, no error would be shown. Drunkenness does not involve moral turpitude. Gibbs v. State, Tex.Cr.App., 385 S.W.2d 258; Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17. See Article 38.29, V.A. C.C.P.

No error is shown; the fourth ground of error is overruled.

■ In the fifth ground of error complaint is made to arguments of the prosecutors Zachry and Hill. Among the arguments complained of, Mr. Zachry argued that the State had proved appellant guilty beyond a reasonable doubt. Such was a fair comment from the evidence. The argument of the prosecutor Hill was in substance that when the jury read the court's charge as it related to murder with and without malice the only conclusion was that appellant intended to pull the trigger and intended to kill. This was reasonable deduction from the evidence.[2] No error is shown.

■ Mr. Hill discussed the testimony and how appellant hesitated and then testified that he had shot at the ceiling. Mr. Hill then argued:

"How is that going to fit into the scheme of things, Donald Paul Hoover, when this bullet came from here and was found at the bottom of her spine? How is that going to fit into your little story

1. See also Article 1257a, Vernon's Ann. P.C.

2. The intent is presumed by statute. Article 45, V.A.P.C., provides that the intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act. See Brown v. State, 438 S.W.2d 926; Davis v. State, Tex.Cr.App., 440 S.W.2d 291, and Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322.

you are telling this Jury here? It doesn't because it's a bunch of hogwash."

It appears that the statement was a reasonable deduction and comment based on the evidence. No error is shown.

■ Complaint is made of the following argument of Mr. Hill:

"And while we are talking about it, the Defendant's remorse and everything, counsel, why didn't you tell this Jury about the funeral? Was he out there at the funeral? Did he help with the funeral expenses of this woman he thought so much about? Did he help bury her?"

Appellant's objection that the argument was outside the record was overruled. Such argument should not have been made but does not constitute reversible error.

■ Appellant further contends that from an "overall picture" the remarks of the prosecutors show reversible error. Neither of the remarks complained of constitute reversible error nor do any combination of the remarks made by the prosecutors constitute reversible error. Generally, to constitute reversible error because of argument of the prosecution there must be a violation of some mandatory statute or some new fact has been injected into the case or the argument must have been manifestly improper and harmful. McMahon v. State, 147 Tex.Cr.R. 508, 182 S.W.2d 712. See Durst v. State, 159 Tex.Cr.R. 466, 265 S.W.2d 118, and Allison v. State, Tex. Cr.App., 248 S.W.2d 147.

Appellant's fifth ground of error is overruled.

There being no reversible error, the judgment is affirmed.