**Ernest Eugene GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42768.**

Court of Criminal Appeals of Texas.

April 22, 1970.

Rehearing Denied June 17, 1970.

Walter Wolfram, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for murder without malice with the punishment assessed at five years.

The indictment charged murder with malice.

The State's evidence reflects that the appellant shot and killed Billy Joe Stone on December 25, 1968, in Potter County. Testifying in his own behalf the appellant admitted shooting the deceased, but claimed self defense. The court charged on the law of self-defense. The jury by their verdict rejected the defense.

Initially, appellant contends the trial court erred in denying his motion or motions for the production of the grand jury testimony.

In a pre-trial motion the appellant requested such testimony and in the alternative requested the court to examine in camera such testimony to determine any possible inconsistencies in the event any of the State's witnesses had appeared before the grand jury. The trial judge ordered the grand jury testimony transcribed and delivered to him. At the trial it was established that two of the State's witnesses had testified before the grand jury. In the absence of the jury the judge announced to the appellant and his counsel that his in camera inspection reflected their testimony had been consistent with the transcription in his possession. As to the witness Sylvia Chavez the judge read to the appellant and his counsel certain portions of the grand jury testimony, which, while it was not inconsistent with her trial testimony, related to matters not developed at the trial. The judge did deny the further requests for an inspection of the grand jury testimony. The careful trial judge sealed the grand jury testimony in question and made it a part of the appellate record for this court's inspection. Our examination supports the trial judge's conclusion that the testimony was consistent.

Further, it appears that the appellant cross-examined one of the witnesses· in question from a transcription of his testimony at the examining trial.

It has been generally recognized that an accused is not ordinarily entitled to the inspection of grand jury minutes or testimony for the purpose of ascertaining evidence in the hands of the prosecution, or for the purposes of discovery in general. And this is true whether the request is made before or during trial. Hanes v. State, 170 Tex.Cr.R. 394, 341 S.W.2d 428; 20 A.L.R.3d 59, 61. See also Goode v. State, 57 Tex.Cr.R. 220, 123 S.W. 597; Taylor v. State, 87 Tex.Cr.R. 330, 221 S. W. 611, 618; Bryant v. State, Tex.Cr.App., 397 S.W.2d 445, cert. den. 385 U.S. 858, 87 S.Ct. 106, 17 L.Ed.2d 84; Young v. State, Tex.Cr.App., 398 S.W.2d 572.

The denial of the grand jury testimony has been upheld where there is no showing in the record of any inconsistencies between the witness' trial testimony and his testimony before the grand jury. Angle v. State, 165 Tex.Cr.R. 305, 306 S.W.2d 718; Nisbet v. State, 170 Tex.Cr.R. 1, 336 S.W. 2d 142, cert. den., 363 U.S. 829, 80 S.Ct. 1601, 4 L.Ed.2d 1524.

Of course, the production of grand jury testimony upon request lies within the sound discretion of the trial court and the accused may be permitted to inspect such testimony where some "special reason" exists. Taylor v. State, supra.

If the prosecutor uses or introduces during the course of the trial portions of the grand jury testimony the defense is entitled to inspect and use such testimony that covers the same subject involved in the portions used and introduced by the prosecution. Kirkland v. State, 86 Tex. Cr.R. 595, 218 S.W. 367; Green v. State, 53 Tex.Cr.R. 490, 110 S.W. 920; Cook v. State, Tex.Cr.App., 388 S.W.2d 707; see also Taylor v. State, supra; Young v. State, supra; Goode v. State, supra. We are not confronted with such use in the case at bar, and the appellant would not have been entitled to the grand jury testimony for such reason.

In Bryant v. State, Tex.Cr.App., 423 S. W.2d 320, it was held that the defendant had shown no "particularized need" for the production of the grand jury testimony, thus indicating the accused must demonstrate a "particularized need" for such testimony to outweigh the traditional policy of grand jury secrecy.

Under the circumstances presented, we conclude that the appellant has failed to show a "particularized need" for the grand jury testimony, and the trial court did not abuse its discretion in refusing the same. Acuff v. State, Tex.Cr.App., 433 S.W.2d 902; 4 Branch's Anno. P.C., 2nd ed., Sec. 103, p. 116. In fact, the procedure followed by the careful trial judge is to be commended.

We do not agree that Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L. Ed.2d 973, calls for a different result.

Ground of error #1 is overruled.

In his second ground of error appellant complains of the refusal to grant his pretrial motion to require the production and inspection of the criminal records of certain State's witnesses.

Appellant cites no authority for his proposition. No showing was made that the State was in possession of such records or information. At the close of the State's case in chief the District Attorney stated in open court he had no knowledge of any criminal records of the State's witnesses that would be admissible for impeachment or otherwise. We perceive no error. See Sonderup v. State, Tex.Cr.App., 418 S.W. 2d 807.

Ground of error #2 is overruled.

Enriquez v. State, Tex.Cr.App., 429 S. W.2d 141, supports the trial court's action in overruling appellant's pre-trial motion to require the State to produce the criminal records of any members of the jury panel for the week in the possession of the State

as well as any information of mental illness, etc., of such prospective jurors.

■ There is no showing that the State had such information or records in its possession, and no showing that any juror who was accepted after voir dire examination was not qualified to serve as a juror.

Ground of error #3 is overruled.

Next, appellant contends the court erred in granting the State's motion in limine prohibiting him from referring to or showing that the deceased had previously "served a penitentiary sentence for burglary."

It appears the court granted such motion because the conviction for burglary was not a crime of violence and would not tend to prove the deceased was a dangerous, violent, abusive or quarrelsome person. Further, there was no showing that the appellant knew of such conviction at the time of the alleged offense, and at the time the motion was granted no issue of self-defense had been raised.

"Although self-defense is claimed by the defendant, he may not show previous offenses or acts of the deceased against others, or that he was a bad man generally, unless he has first shown that he himself had knowledge of such facts." 4 Branch's Anno.P.C., 2nd ed., Sec. 2338, p. 598.

■ The court did not err in granting the State's motion in limine. If during the trial the evidence rendered such conviction admissible it was incumbent upon the appellant to call the matter to the trial court's attention.

Ground of error #4 is overruled.

Appellant also contends the court erred in refusing to grant his motion to dismiss the prosecution since the sheriff's office intercepted and read a "confidential communication" from the appellant's counsel to him while confined in the Potter County jail. It was shown that a letter dated Jan-

uary 29, 1969, arrived at the jail, was opened and read in accordance with jail security regulations and with a waiver signed by the appellant. The letter was then delivered to the appellant. It was shown the contents thereof were never revealed to the District Attorney. In such letter counsel wrote the appellant that he thought he had discovered a witness who would testify he saw the deceased in possession of a gun at the time the deceased was taken to the hospital following the shooting. The appellant was warned not to let the prosecutors or peace officers know of this development "until it is sprung on them in the courtroom." Counsel further asked the appellant to write him in detail "all * * * about" the pistol with which the alleged offense had been committed.

■ In overruling the motion the court noted that appellant's counsel had many years of experience and knew or should have known of the jail security regulations. To require dismissal of the prosecution under such circumstances would be the height of absurdity. The fate of the prosecution should not rest in the hands of the defense counsel as to his choice of methods of communication with a confined client.

There is nothing to indicate that counsel was permitted only to communicate with the appellant by means of the United States mail. In fact, the contrary appears. The record also fails to reveal that there was such a witness as mentioned in the letter.

Ground of error #5 is overruled.

Next, appellant contends the court erred in permitting the State to interrogate the appellant as to previous fights in which he may have engaged. On cross-examination the following is reflected by the record:

"Q. It wasn't a shooting over money or anything like that, was it?

"A. No, sir.

"Q. In fact, you just really didn't know each other very well at all?

"A. No, sir.

"Q. He certainly never beat you up before, had he?

"A. No, sir.

"Q. Did you ever see him beating anybody else up?

"A. No, sir.

"Q. Never had, had you?

"A. No, but I wasn't * * *

"Q. Of course, you had been in fights * * *"

At this point defense counsel interposed an objection that the question "calls for extraneous offenses" and was "immaterial and prejudicial." The objection was overruled after the prosecutor urged the question was relevant. Thereafter the District Attorney continued:

"Q. Ernest, you had been in fights before, hadn't you?

"A. Yes, sir.

"Q. And you had been bruised up, hadn't you?

"A. Yes, sir.

*       *       *       *       *       *

"Q. All right, we are talking about fist fights, aren't we?

"A. Yes, sir.

"Q. You are not telling this jury that Billy Stone had anything but his fists when he got out of that car, are you?

"A. No, sir, I don't know. I am not telling he had anything on him, I don't know."

Appellant relies upon Article 38.29, Vernon's Ann.C.C.P., and Hunter v. State, 168 Tex.Cr.R. 160, 324 S.W.2d 17 and Sparks v. State, Tex.Cr.App., 366 S.W.2d 591.

■ It is well established that evidence of specific acts of misconduct against an accused or a witness is not admissible for impeachment purposes. 1 Branch's Anno. P.C., 2nd ed., Sec. 190, p. 209; Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267; Hunter v. State, supra.

In Stephens v. State, Tex.Cr.App., 417 S.W.2d 286, this court said:

"Under the provisions of Article 38.29, V.A.C.C.P., the fact that a witness has been charged with an offense is inadmissible for the purpose of impeaching him unless the charge has resulted in a final conviction. Hunter v. State, 168 Tex. Cr.R. 160, 324 S.W.2d 17; Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. Furthermore the final conviction must be for a felony offense or one involving moral turpitude; Mauldin v. State, 165 Tex.Cr.R. 405, 308 S.W.2d 36, and even then, it must not be too remote. If, however, the witness makes blanket statements concerning his exemplary conduct, such as has never been charged or convicted of any offense, then the State may refute such testimony, despite the nature of the conviction used or its remoteness. Orozco v. State, 164 Tex. Cr.R. 630, 301 S.W.2d 634 and cases cited therein."

In Minor v. State, 166 Tex.Cr.R. 69, 311 S.W.2d 241, it was pointed out that the State should not be permitted to prove appellant's reputation for being a fighter or his arrest for misdemeanors not involving moral turpitude.

In the case at bar, however, the appellant testified that he had flagged down the car in which the deceased was riding; that when he approached such vehicle and leaned inside and said "Hi" the deceased struck him in the face with a beer can; that he backed up as the deceased started to get out of the car; that he knew the deceased had cut someone and beaten other individuals; that while he did not fear death he thought he would be beaten "pretty badly"; that he had possession of a pis-

tol only to keep it from the hands of his brother; that he had fired it in self defense.

Such evidence clearly left the jury with the impression that the inexperienced appellant was confronted with an experienced fighter whom he had just reason to fear and while the deceased was unarmed the appellant acted out of fear to protect himself.

■ We conclude the State was thus authorized to inquire as to appellant's previous fights in light of the claimed defense of self-defense and the issue of whether the alleged offense was committed with malice. The "fights" referred to by the District Attorney were not limited to those that might constitute crime, but could have also referred to the prize ring, or the elementary school yard. We cannot conclude that if error was committed it was such error as to call for reversal. Ground of error #6 is overruled.

■ There was a sharp conflict in the evidence as to self-defense. We cannot agree with appellant's claim that self-defense was established as a matter of law and the court erred in overruling his motions for an instructed verdict.

Grounds of error #7 and #8 are overruled. See McGruder v. State, Tex.Cr. App., 377 S.W.2d 191; see also Pruneda v. State, 168 Tex.Cr.R. 510, 329 S.W.2d 886; Owns v. State, 168 Tex.Cr.R. 88, 323 S.W. 2d 260. Cf. Parkman v. State, 149 Tex. Cr.App. 101, 191 S.W.2d 743; Parker v. State, 138 Tex.Cr.R. 478, 136 S.W.2d 229; Patton v. State, 129 Tex.Cr.R. 269, 86 S. W.2d 774.

■ Lastly, appellant contends the court erred in failing to respond to his objection to the court's charge at the guilt stage of the proceedings.

The court charged the jury:

"The only function of the jury under this charge is to find the guilt, if any, or

the innocence of the defendant of the offense charged in the indictment herein; the matter of punishment being the subject of other proceedings herein."

Appellant urged the entire paragraph should be deleted but if retained reference to the burden of proof should be included.

In a separate paragraph the court correctly placed the burden of proof upon the State "beyond a reasonable doubt." There are at least four other references throughout the charge to the burden of proof being "beyond a reasonable doubt." Considering the charge as a whole, we do not conclude the court erred in overruling appellant's objections thereto.

Ground of error #9 is overruled.

Finding no reversible error, the judgment is affirmed.