Ronald Dan CHATHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00990–CR.

Court of Appeals of Texas, Dallas.

Dec. 7, 1982.

Rehearing Denied Feb. 1, 1983.

James M. Murphy, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and AKIN and VANCE, JJ.

GUITTARD, Chief Justice.

Appellant was convicted of involuntary manslaughter arising out of the death of a pedestrian. The victim was struck by a vehicle driven by appellant while allegedly in a state of intoxication. The jury fixed his punishment at four years, and he appeals on the grounds that the indictment was defective in failing to allege a culpable mental state and that the prosecutor was permitted to cross-examine him about earlier accidents and earlier instances in which appellant drove his vehicle while under the influence of alcohol. We hold that the indictment is sufficient and that appellant's objections to the cross-examination were insufficient to raise the ground now urged. Accordingly, we overrule all the grounds presented and affirm.

### Culpable Mental State

Appellant concedes that his argument concerning the necessity of alleging a culpable mental state is contrary to the decision of the Court of Criminal Appeals in *Guerrero v. State,* 605 S.W.2d 262 (Tex.Cr. App.1980), but asserts that *Guerrero* was incorrectly decided. As an intermediate court, we are bound to follow the decisions of the Court of Criminal Appeals. Consequently, this ground is overruled.

### Cross-Examination on Other Acts of Misconduct

On cross-examination the prosecutor asked appellant whether in the preceding two years before the accident in question, appellant had had "two other wrecks with cars." Defense counsel objected that the evidence was "irrelevant" and "prejudicial." The objection was overruled, and the prosecutor proceeded to examine appellant about two earlier accidents, which appellant admitted. The prosecutor also asked how did appellant drive when he was intoxicated. Counsel objected that this line of questioning was "irrelevant" and "has nothing to do with any issue to the case." The objection was overruled, and appellant responded that when he was intoxicated he was always extra cautious, watched his speed more closely, and tried to be more alert than he normally was.

On this appeal appellant contends that the trial court erred in permitting the prosecutor to cross-examine him on unrelated acts not involving moral turpitude. He cites *Hunter v. State,* 168 Tex.Cr.R. 160, 324 S.W.2d 17, 19 (Tex.Cr.App.1959) for the rule that a defendant who takes the stand in his own behalf cannot be impeached by showing particular acts of misconduct unless the evidence shows that the defendant has been convicted of a felony or of an offense involving moral turpitude. We overrule this point because appellant did not make this objection in the trial court, as did the defendant in *Hunter.* The only objection here was that the evidence was "irrelevant" and "prejudicial." Evidence of other acts of misconduct is not excluded because of lack of relevance, but because it tends to confuse the issues and force the accused to defend himself against charges of which he had no notice. *See Albrecht v. State,* 486 S.W.2d

97, 100 (Tex.Cr.App.1972). Thus, whether this evidence was offered for impeachment or some other purpose, appellant's objections that the evidence was "irrelevant" and "prejudicial" were insufficient to raise the ground now urged. *McWherter v. State,* 607 S.W.2d 531, 535 (Tex.Cr.App. 1980); *Carr v. State,* 600 S.W.2d 816, 817 (Tex.Cr.App.1980); *Smith v. State,* 513 S.W.2d 823, 829–30 (Tex.Cr.App.1974).

Affirmed.