**Affirm and Opinion Filed June 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00565-CR

**MICHAEL JESSIE COWELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-81327-2012**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Michael Jessie Cowell appeals his convictions for sexual assault of a child and two counts of indecency with a child. After finding appellant guilty, the jury assessed punishment at six years in prison for the sexual assault conviction, ten years confinement, probated for ten years, and a $1000 fine for indecency of a child by touching the genitals of the child, and five years confinement, probated for ten years, and a $1000 fine for indecency of a child by touching the child's breast. In nine issues, appellant claims insufficient evidence supports his three convictions and the trial court erred by excluding evidence and overruling certain objections. We affirm.

Fifteen-year-old D.S. began chatting online with appellant; they became friends on Facebook and exchanged phones numbers. Appellant told D.S. he was thirty-one years old, lived

in Missouri, was separated from his wife who lived in Kansas, and wanted a divorce because his wife was crazy and cheated on him. D.S. told him she would not have sex with him because she was waiting until she got married. They discussed getting married after appellant divorced his wife.

The two eventually made plans to meet in November 2011. Appellant drove to Texas and met D.S. outside her parents' house around 2 a.m. They sat in his truck and talked for two hours, then drove to a Motel 8 in McKinney where appellant rented a room. According to D.S., they initially just talked but then "it escalated to sexual things like kissing, touching." D.S. took her clothes off from the waist down but appellant remained clothed. As they kissed, appellant touched her breast and genitals with his hand and penetrated her vagina with his fingers. According to D.S., the encounter went on for about an hour, and she was a willing participant.

The following day, they arranged to meet again. Appellant picked D.S. up, and they drove to a park. Later, he drove her to the alley behind her house. When D.S. got out of appellant's truck, her father drove up and confronted appellant who claimed he was twenty-one years old. After she left with her father, D.S. told her parents everything. They then contacted the McKinney police department. Appellant was later arrested and charged with sexual assault and two counts of indecency with a child.

In his third, fourth, and fifth issues, appellant contends insufficient evidence supports his convictions. Although we question whether appellant has adequately briefed these issues given his failure to cite to any authority or to the record, we nevertheless have reviewed his complaints and conclude they lack merit.

In reviewing a challenge to the sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319

–2–

(1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Therefore, when analyzing the sufficiency of the evidence, we determine whether the necessary inferences are reasonable based on the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id*. The testimony of a sexual assault victim is alone sufficient evidence to prove an assault. *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.).

A person commits the offense of sexual assault if he causes the penetration of the anus or sexual organ of a child by any means. TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011). A child means a person under 17 years of age. *Id*. § 22.011(c)(1). A person commits indecency with a child if he engages in sexual contact with the child. *Id*. § 21.11(a)(1). Sexual contact includes "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *Id*. § 21.11(c)(1).

As detailed above, D.S. testified about her sexual contact with appellant, including that he touched her breast and genitals and placed his fingers inside her vagina. She also admitted describing herself, in a journal she kept before the encounter with appellant, as a sociopath, delusional, and a little "bitch," capable of lying and manipulating things. Although appellant contends D.S.'s description of herself in the journal somehow renders her clear and direct testimony about his actions insufficient, we cannot agree. The jury, as factfinder, was able to assess the credibility and demeanor of the witnesses who testified at trial. Most importantly, the jury was able to assess D.S.'s credibility and demeanor when she discussed meeting appellant, going to the motel, and being touched and sexually assaulted. From the guilty verdict, it is clear the jury found D.S. credible and rejected any claim that her "manipulative" or "delusional behavior" tainted her testimony. We overrule appellant's third, fourth, and fifth issues.

In his first issue, appellant contends the trial court erred by excluding evidence of D.S.'s incidents of prior sexual abuse. In his second issue, he complains the trial court also erred by excluding evidence of her prior psychiatric hospitalizations. Under both issues, appellant claims this evidence was admissible to impeach D.S. as well as to challenge her credibility. Appellant also claims the exclusion of this evidence violated his constitutional right to confrontation.

We first note that, to preserve error for appellate review, a defendant must lodge a timely, specific objection. *See* TEX. R. APP. P. 33.1(a)(1). A defendant waives even his constitutional right to confront witnesses if he does not object at trial to the denial of that right. *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 314 n.3 (2009). Appellant bore the burden of making a confrontation clause objection at trial; because he did not do so, we conclude he has waived this portion of his argument.

Under his first issue, appellant claims he offered the evidence of two prior sexual abuse incidents under evidentiary rule 412 to attack D.S.'s credibility. The first incident occurred when D.S. was four or six years old, the second when she was thirteen.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). A trial court abuses its discretion when it acts outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh'g).

Rule 412 provides that, in a "prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior" is not admissible unless certain requirements are met. TEX. R. EVID. 412(b). Specifically, the procedural requirements of paragraph (c) and (d) concerning the in-camera hearing and the sealing of the record must be satisfied; the proponent must establish that evidence of specific instances of the victim's sexual behavior fall into one of

the five categories set out in rule 412(b)(2); and finally, the probative value of the offered evidence must outweigh the danger of unfair prejudice. *Id*.

Although he claims the evidence was admissible, appellant made no attempt at trial or in his brief on appeal to establish the evidence fell into one of the five categories listed in rule 412(b)(2). Specifically, appellant did not argue the evidence was (1) necessary to rebut or explain scientific or medical evidence offered by the State; (2) of past sexual behavior with appellant and was offered by appellant upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged; (3) related to the motive or bias of the alleged victim; (4) admissible under Rule 609; or (5) constitutionally required to be admitted. *See id*. Nor did he make any argument that the probative value outweighed the danger or unfair prejudice. *See id*. Under these circumstances, we cannot conclude the trial court abused its discretion by excluding the evidence. We overrule his first issue.

With respect to his second issue in which he complains the trial court excluded evidence of D.S.'s prior hospitalizations and her mental state, appellant claims this evidence was necessary for the jury to determine D.S.'s credibility and was admissible under evidentiary rule 608(b).

While rule 608 provides that the credibility of a witness may be attacked by evidence referring only to character for truthfulness or untruthfulness, subsection (b) specifically provides specific instances of conduct of the witness may not be inquired into on cross-examination. *See* TEX. R. EVID. 608(a), (b). Whether evidence of a witness's mental illness or disturbance suffered in the recent past—before the event in question occurred—may be admissible must be decided on an ad hoc basis, and deference is given to the trial court initially deciding the issue. *See Virts v. State*, 739 S.W.2d 25, 28 (Tex. Crim. App. 1987). An accused's right to cross-examine a testifying State's witness includes the right to impeach the witness with relevant

evidence that might reflect, among other things, an impairment or disability affecting the witness's credibility. *Id*. at 29. Cross-examination of a testifying State's witness to show the witness suffered a recent mental illness or disturbance is proper, provided such mental illness or disturbance reflects on the witness's credibility. *Id*. at 30. However, the mere fact the witness has suffered or received treatment for a mental illness or disturbance in the recent past does not alone make this admissible impeachment evidence. *Id*.

The offer of proof showed D.S. had been hospitalized eight different times at Green Oaks Psychiatric Hospital over a two-to-three-year period before this incident occurred. D.S. testified the stays were "really close together and probably lasted for about a year." She experienced suicidal ideation or self-mutilation but received help, treatment, therapy, and counseling. Appellant does not explain how D.S.'s emotional disturbances or mental health issues affected her ability to recall events or were otherwise relevant to impeach her credibility as a witness. To the extent he suggests he was denied the opportunity to question D.S. about her mental health or behavior, we note that, during cross-examination, she admitted calling herself a sociopath, somewhat delusional, a "little bitch," manipulative, and capable of lying. Given the discretion accorded the trial court and that fact that D.S. admitted to many of the behavioral issues raised in the offer of proof, we cannot conclude the trial court's decision to exclude the evidence of her hospitalizations was error or that appellant was harmed. We overrule the second issue.

In his sixth and seventh issues, appellant claims the trial court erred by overruling his motion for mistrial and his objection that the prosecutor indirectly commented on his failure to testify.

A comment on a defendant's failure to testify violates his constitutional right against self-incrimination. See U.S. CONST. art. V; TEX. CONST. art. I, §§ 10. In determining whether the prosecutor made an impermissible comment, we view the statement "from the jury's standpoint

and the implication that the comment referred to the defendant's failure to testify must be clear." *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). The test is whether the language used was "manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id*. We take into account the context in which the comment was made; it is not sufficient that the comment might be construed as an implied or indirect allusion. *Id*.

During closing argument, the prosecutor reviewed specifics of D.S.'s testimony, then stated "you have heard nothing to refute [D.S.] . . .." Appellant objected on the grounds the prosecutor was commenting on his failure to testify. The trial court sustained the objection and instructed the jury to disregard but denied appellant's motion for mistrial.

Appellant, in turn, argued D.S. was a liar and delusional. He argued she wrote poems and letters to him but that there was no evidence he reciprocated. In response, the prosecutor argued:

> When you go back there, consider the full evidence. Consider all of it. And ask yourself, the very question that he asked you, does he reciprocate? Did he reciprocate? If you can find a reason back there based on the evidence in this case why he was in town other than to see this 15-year-old girl, you go back there and find some reasons –

Appellant again objected on the grounds it was a "direct and possibly indirect comment on him not testifying and explaining the situation." The trial court overruled the objection.

Appellant now assigns the denial of his motion for mistrial and the overruling of his second objection as reversible error. These comments, however, are not a clear reference to appellant's failure to testify, nor did they draw the jury's attention to an absence of evidence that could have been supplied only by appellant. *See Brown v. State*, 92 S.W.3d 655, 667−68 (Tex. App.—Dallas 2002), *aff'd*, 122 S.W.3d 794 (2003). A prosecutor does not improperly comment on a defendant's failure to testify where the language can reasonably be construed to refer to a

defendant's failure to produce evidence other than his own testimony. *See Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000). Here, the comment can reasonably be construed as a reference to appellant's failure to produce evidence from witnesses other than himself. Because the prosecutor's statements were not of such a character that the jury would necessarily and naturally take them as a comment on appellant's failure to testify, we conclude the trial court did not err by denying appellant's motion for mistrial or his subsequent objection. We overrule appellant's sixth and seventh issues.

In his eighth issue, appellant contends the trial court erred by allowing D.S. to testify about online comments made to her by appellant's wife. We need not determine whether the admission of this evidence was error because, even if it were, appellant has failed to show how he was harmed by its admission.

When reviewing the erroneous admission of evidence, we disregard any error that does not affect substantial rights. *See* TEX. R. APP. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Simpson v. State*, 119 S.W.3d 262, 266 (Tex. Crim. App. 2003). In assessing the likelihood the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005).

Here, the message itself was not admitted, and the jury was not apprised of its content. Although D.S. said it was not "a friendly conversation" and the person purporting to be appellant's wife was "always angry," the complained of testimony is neither substantial nor injurious when all the evidence is considered. After reviewing the entire record, we cannot

–8–

conclude this portion of D.S.'s testimony was determinative in the jury's decision to convict appellant. We overrule his eighth issue.

In his final issue, appellant claims the jury charge instruction on parole eligibility mislead the jury and allowed a verdict that violated his due process rights under the United States Constitution.

The Texas Court of Criminal Appeals considered and rejected a similar argument in *Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002). In that case, the court acknowledged that the instruction dictated by the code of criminal procedure may appear to be misleading and inapplicable to some defendants. *Id*. at 363. Nevertheless, it construed article 37.07, section 4 to be an absolute command that the good conduct time instruction be given to the jury. *Id*. Although appellant requests we reconsider this ruling, we decline to do so. As an intermediate court, we have no authority to overrule that case and are bound to follow the decisions of the Texas Court of Criminal Appeals. *See Chatham v. State*, 646 S.W.2d 512, 513 (Tex. App.—Dallas 1982, no pet.). We overrule appellant's last issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47
130565F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL JESSIE COWELL, Appellant

No. 05-13-00565-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-81327-2012.
Opinion delivered by Justice Francis, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of June, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE