**DISSENT and Opinion Filed June 24, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00476-CR**
_____

**JOHN RICHARD ALLEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-00144-W**

## DISSENTING OPINION

Opinion by Justice Goldstein

Our criminal appellate justice system survives on the hard work and dedication of both retained and appointed defense counsel, who are oft-times challenged by applicable jurisprudence and the state of the record, and who, in conjunction with a heavy caseload, are frequently undercompensated for the demands imposed. An active appellate advocate "provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises." *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *1 (Tex. App.—Dallas June 15, 2020, no pet.) (mem. op., not designated for publication). Such active representation is the bedrock to preserving and protecting

foundational constitutional requirements of "substantial equality and fair process." *See Anders v. California*, 386 U.S. 738, 744 (1967). The constitutional protections underlying the purpose of the *Anders* procedure demands that appointed counsel either argue a non-frivolous issue or, pursuant to *Anders*, file a motion to withdraw and a brief in support of the motion to withdraw. *Allison v State*, 609 S.W.3d 624, 625–26 (Tex. App.—Waco 2020, order) (per curiam), *disp. on merits*, 654 S.W.3d 794, 798 (Tex. App.—Waco 2022, no pet.).

Our system of justice is not served by the redundant reiteration of arguments that decades of opinions have established as either frivolous or groundless,[1] that provide no opportunity for meaningful appellate review, and that deprive the appellate court of an assurance of the integrity of the criminal trial proceedings that

---

[1] This is not to say that well-established jurisprudence cannot change or to deny that counsel might truly believe the law is in error. Established precedent should not be frivolously overruled. *Ex parte Sanders*, 663 S.W.3d 197, 204 (Tex. Crim. App. 2022); *see also Paulson v State*, 28 S.W.3d 570, 571–72 (Tex. Crim. App. 2000) ("We follow the doctrine of stare decisis to promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process. But if we conclude that one of our previous decisions was poorly reasoned or is unworkable, we do not achieve these goals by continuing to follow it."); *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim. App. 2007) ("Some factors supporting the overruling of precedent are: (1) that the original rule or decision was flawed from the outset, (2) that the rule's application produces inconsistent results, (3) that the rule conflicts with other precedent, especially when the other precedent is newer and more soundly reasoned, (4) that the rule regularly produces results that are unjust, that are unanticipated by the principle underlying the rule, or that place unnecessary burdens on the system, and (5) that the reasons that support the rule have been undercut with the passage of time."). But as an intermediate appellate court, we are constrained to apply the holdings of our superior courts and our own precedential holdings, when applicable, regardless of public policy concerns. *See Abdnor v. Ovard*, 653 S.W.2d 793, 793 (Tex. Crim. App. 1983) ("In its treatment of the merits of appellant's mandamus application the court erred in applying an indigency test of its own creation, a standard which is in conflict with this Court's pronouncements and which both of the opposing parties urge us to reject."); s*ee also Lubbock Cnty., Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002); *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964) ("After a principle, rule or proposition of law has been squarely decided by the Supreme Court, or the highest court of the State having jurisdiction of the particular case, the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties.").

we are charged with supervising. Notwithstanding the recognized potential difficulties faced by counsel in preparing an appeal, and in no way intending to dissuade criminal appellate practitioners, I can no longer remain silent. Therefore, I address what the majority opinion does not: whether the two issues raised by appellant are frivolous or groundless.[2]

Appellant's counsel has previously raised these issues in dozens of cases over at least a decade. Accordingly, we recently issued a published (and therefore binding) opinion in one of appellant's counsel's cases cataloging the many times we had rejected his reasonable doubt and jurisdictional arguments—thus telegraphing our concern that continuing to raise those arguments disserved both his clients and the criminal justice system. *Bullock v State*, 673 S.W.3d 758, 767–69 (Tex. App.—Dallas 2023, no pet.).

Regarding the supposed definition of "reasonable doubt," we held in a 2012 case in which counsel represented the appellant that a trial court does not abuse its discretion in including the complained-of instruction in its charge to the jury. *Hargrove v. State*, No. 05-11-00307-CR, 2012 WL 3553501, at *9 (Tex. App.—Dallas Aug. 20, 2012, pet. ref'd) (mem. op., not designated for publication) (citing *Mays v. State*, 318 S.W.3d 368, 389 (Tex. Crim. App. 2010)). We explained that we had "rejected appellant's argument repeatedly" and "suggest[ed] that the costs and

---

[2] Unfortunately, by no means is appellant's counsel the only attorney guilty of such groundless reiterations, and, while I cannot address them specifically at this time, this caution applies equally to other errant practitioners as well.

expenses of continuing to address this point of error may need to be appropriately assessed." *Id.* Counsel was undeterred. We made similar statements in a 2015 case involving appellant's counsel, explaining that "[w]e first rejected this argument in *O'Canas v. State*, 140 S.W.3d 695, 700–02 (Tex. App.—Dallas 2003, pet. ref'd), and have done so on many occasions since then in opinions far too numerous to list here." *Washington v. State*, No. 05-14-00604-CR, 2015 WL 4178345, at *7 (Tex. App.—Dallas July 10, 2015, no pet.) (mem. op., not designated for publication). We again cited *Mays*, stating that the court of criminal appeals "has concluded that a trial court does not abuse its discretion by giving this same instruction." *Id.* (citing *Mays*, 318 S.W.3d at 389). Counsel was still undiscouraged. Since our *Washington* opinion, counsel has raised this issue at least twenty more times to no avail.[3]

---

[3] *See Lane v. State*, No. 05-21-01037-CR, 2022 WL 16706966, at *4 (Tex. App.—Dallas Nov. 4, 2022, no pet.) (mem. op., not designated for publication); *Dickerson v. State*, Nos. 05-20-00339-CR, 05-20-00347-CR, 05-20-00348-CR 2021 WL 5410523, at *1 (Tex. App.—Dallas Nov. 19, 2021, no pet.) (mem. op., not designated for publication); *Jackson v. State*, No. 05-19-01043-CR, 2021 WL 791095, at *4 (Tex. App.—Dallas Mar. 2, 2021, pet. ref'd) (mem. op., not designated for publication); *Keller v. State*, 604 S.W.3d 214, 231 (Tex. App.—Dallas 2020, pet. ref'd); *Gomez v. State*, Nos. 05-19-00352-CR, 05-19-00353-CR 2020 WL 3046206, at *3 (Tex. App.—Dallas June 8, 2020, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 05-19-00347-CR, 2020 WL 2988639, at *7 (Tex. App.—Dallas June 4, 2020, pet. ref'd) (mem. op., not designated for publication); *Benton v. State*, No. 05-18-01024-CR, 2020 WL 2124179, at *3 (Tex. App.—Dallas May 5, 2020, pet. ref'd) (mem. op., not designated for publication); *Wilson v. State*, No. 05-18-00801-CR, 2019 WL 3491931, at *3 (Tex. App.—Dallas Aug. 1, 2019, no pet.) (mem. op., not designated for publication); *Dickerson v. State*, No. 05-18-00949-CR, 2019 WL 2865273, at *3 (Tex. App.—Dallas July 3, 2019, no pet.) (mem. op., not designated for publication); *Backusy v. State*, No. 05-17-01288-CR, 2018 WL 5730166, at *3 (Tex. App.—Dallas Nov. 2, 2018, pet. ref'd) (mem. op., not designated for publication); *Chapin v. State*, No. 05-15-01009-CR, 2016 WL 4421570, at *4 (Tex. App.—Dallas Aug. 19, 2016, no pet.) (mem. op., not designated for publication); *Barroquin-Tabares v. State*, No. 05-15-00794-CR, 2016 WL 3144160, at *3 (Tex. App.—Dallas May 31, 2016, no pet.) (mem. op., not designated for publication); *Finch v. State*, No. 05-15-00793-CR, 2016 WL 2586142, at *7 (Tex. App.—Dallas May 4, 2016, pet. ref'd) (mem. op., not designated for publication); *Jamison v. State*, No. 05-15-00086-CR, 2016 WL 1725489, at *5 (Tex. App.—Dallas Apr. 27, 2016, pet. ref'd) (mem. op., not designated for publication); *Moran v. State*, No. 05-15-00606-CR, 2016 WL 748498, at *5 (Tex. App.—Dallas Feb. 25, 2016, no pet.) (mem. op., not designated for publication); *Walker v. State*, No. 05-14-01229-

We have similarly rejected the jurisdictional argument in over seventy-five prior cases in which counsel represented an appellant.[4] To his credit, counsel acknowledges that his position is against current authority. Here, counsel specifically cites *Mills v. State*, 742 S.W.2d 831, 835 (Tex. App.—Dallas 1987, no pet.), and *Garcia v. State*, 901 S.W.2d 731, 733 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd), as examples of cases holding that a challenge to the lack of a transfer order must be raised in the trial court or be waived on appeal. He argues, however, as he always does, that all such cases "simply cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by procedural default."[5] This statement

---

CR, 2016 WL 259577, at *6 (Tex. App.—Dallas Jan. 21, 2016, pet. ref'd) (mem. op., not designated for publication); *Carus v. State*, No. 05-14-00272-CR, 2015 WL 9485951, at *4 (Tex. App.—Dallas Dec. 29, 2015, no pet.) (mem. op., not designated for publication); *Paz v. State*, No. 05-14-01127-CR, 2015 WL 6386424, at *9 (Tex. App.—Dallas Oct. 22, 2015, no pet.) (mem. op., not designated for publication); *Barradas v. State*, No. 05-14-01271-CR, 2015 WL 6157169, at *6 (Tex. App.—Dallas Oct. 20, 2015, no pet.) (mem. op., not designated for publication).

[4] Just in the past few years, counsel raised the issue in the following cases: *Lane*, 2022 WL 16706966, at *5; *Rivera v. State*, Nos. 05-20-00300-CR, 05-20-00301-CR 2022 WL 214098, at *5 (Tex. App.—Dallas Jan. 25, 2022, no pet.) (mem. op., not designated for publication); *Dickerson*, 2021 WL 5410523, at *1; *Kessler v. State*, No. 05-20-00221-CR, 2021 WL 5002423, at *2 (Tex. App.—Dallas Oct. 28, 2021, no pet.) (mem. op., not designated for publication); *Canamargarza v. State*, No. 05-20-00074-CR, 2021 WL 3729311, at *2 (Tex. App.—Dallas Aug. 23, 2021, no pet.) (mem. op., not designated for publication); *Pedroza v. State*, No. 05-19-01570-CR, 2021 WL 804416, at *2 (Tex. App.—Dallas Mar. 3, 2021, no pet.) (mem. op., not designated for publication); *Jackson*, 2021 WL 791095, at *6; *Fajardo v. State*, No. 05-19-01277-CR, 2021 WL 688444, at *3 (Tex. App.—Dallas Feb. 23, 2021, no pet.) (mem. op., not designated for publication); *Murphy v. State*, No. 05-19-00886-CR, 2020 WL 7396009, at *4 (Tex. App.—Dallas Dec. 17, 2020, no pet.) (mem. op., not designated for publication); *Keller*, 604 S.W.3d at 231; *Gomez*, 2020 WL 3046206, at *3; *Benton*, 2020 WL 2124179, at *3; *Epps v. State*, No. 05-19-00066-CR, 2019 WL 6799753, at *1 (Tex. App.—Dallas Dec. 13, 2019, no pet.) (mem. op., not designated for publication); *Delarosa v. State*, No. 05-18-01507-CR, 2019 WL 6317865, at *1 (Tex. App.—Dallas Nov. 26, 2019, no pet.) (mem. op., not designated for publication); *Johnson v. State*, Nos. 05-18-01230-CR 05-18-01231-CR, 2019 WL 6317866, at *2 (Tex. App.—Dallas Nov. 26, 2019, no pet.) (mem. op., not designated for publication).

[5] This assertion has been made repeatedly as well and rejected by this Court. *Antonio v. State*, No. 05-13-00747-CR, 2014 WL 2583764, at *3 (Tex. App.—Dallas 2014, pet. ref'd) (mem. op., not designated for

mischaracterizes not just the holding of *Mills* and *Garcia*, but also the entire body of case law on this issue. Neither *Mills*, nor *Garcia*, nor to our knowledge any other case in Texas, has held that "a jurisdictional defect can be cured by procedural default" on these facts. Rather, as we have held time and time again, *there is no jurisdictional defect*. *See Jackson*, 2021 WL 791095, at \*6 (explaining that the "fallacy of appellant's argument" is absence of transfer order is a procedural, not a jurisdictional defect); *Fajardo*, 2021 WL 688444, at \*3 ("[T]he lack of a transfer order 'is a procedural matter, not a jurisdictional one.'").[6]

Thus, for both issues, counsel's argument is tantamount to requesting that we not merely ignore but contravene binding precedent from this Court and the court of criminal appeals, without citing any statutory or jurisprudential change or other basis for disregarding stare decisis. The majority opinion correctly rejects appellant's arguments once again. *See Chatham v. State*, 646 S.W.2d 512, 513 (Tex. App.— Dallas 1982, no pet.).

This is an appeal of a three-day jury trial upon a plea of not guilty. But because the majority opinion merely overrules appellant's issues, I write separately

---

publication) ("Appellant did not file a plea to the jurisdiction. Moreover, appellant admits the case law is well-settled against him and appears to ask us to revisit the issue because the cases 'simply cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by procedural default.' We decline his invitation to revisit the issue.") (citing *Goff v. State*, No. 05-13-00876-CR, 2014 WL 259668, at \*5 (Tex. App.—Dallas Jan. 22, 2014, no pet.) (mem. op., not designated for publication) (declining invitation to reconsider transfer order issue for the same reasons)).

[6] We have addressed the jurisdictional argument as to waiver, noting thereafter that even if error had been preserved, the record reflects the trial court had jurisdiction.

to be clear that I would go further and conclude that counsel's arguments supporting both issues are frivolous[7] and groundless[8] and I would strike the brief.[9]

Texas courts have determined what is meant by the term "frivolous" within the context of an *Anders* analysis:

> [A]n appeal is frivolous if it presents no reversible error, meaning there is nothing in the record that could arguably support the reversal, in whole or in part, of an appellant's conviction or punishment.

*See Allison*, 609 S.W.3d at 627 (citations omitted). By choosing to raise these redundant issues as the sole points of error on appeal, appointed counsel has prevented this Court from addressing any issue relating to the merits of appellant's conviction and punishment and has procedurally blocked appellant's right to appellate review on the merits of his case by foreclosing this Court's ability to reach

---

[7] Rule 3.01. Meritorious Claims and Contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9).

An argument is frivolous if "the lawyer is unable either to make a good faith argument that the action taken is consistent with existing law or that it may be supported by a good faith argument for an extension, modification or reversal of existing law." *Id*. cmt. 2.

[8] An attorney's signature on an instrument constitutes a certificate that, "to the best of the person's knowledge, information, and belief formed after reasonable inquiry that the instrument is not groundless and brought in bad faith or groundless and brought for harassment, unnecessary delay, or other improper purpose." TEX. CODE CRIM. PROC. ANN. art. 1.052(b); *see also Perkins v. State*, Nos. 03-14-00305-CR to 03-14-00310-CR, 2015 WL 3941572, at *5 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication) (considering whether appellate brief violated Article 1.052). For the purposes of Article 1.052, "groundless" means "without basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law." TEX. CODE CRIM. PROC. ANN. art. 1.052(h).

[9] "To protect the constitutional rights of appellant, we strike counsel's brief and order counsel to file a brief that either raises an issue or issues addressing the merits of appellant's convictions or punishments or to file a motion to withdraw and brief in support of the motion to withdraw which complies with the dictates of *Anders* and its progeny." *Allison*, 609 S.W.3d at 628.

a meritorious issue, if any exists.  *See id.* at 628; *State v. Bailey*, 201 S.W.3d 739, 744 (Tex. Crim. App. 2006).

We have no authority over whom the trial courts appoint as appellate counsel, but we do have an obligation to ensure that counsel's conduct conforms to the ethical rules.  I write candidly to remind counsel of his professional and ethical duties to this Court and his client and to encourage him to avoid any adverse consequences for violating those duties.[10]

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

230746DF.U05

---

[10] Potential adverse actions include but are not limited to striking of his brief upon filing, sanctions, or referral to the state bar chief disciplinary counsel.  *See Hargrove*, 2012 WL 3553501, at *9.  The latter action may be taken by an individual Justice under Canon 3(D)(2) of the Code of Judicial Conduct.  *See* TEX. CODE JUD. CONDUCT, Canon 3(D)(2), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B.